## Fisher, etc. v. Commonwealth of Kentucky

(Decided February 21, 1913.)

### Appeal from Lawrence Circuit Court.

Indictment—False Swearing—Section 1174 Ky. Stats.—Failure to Use Word "Knowingly"—Sufficiency of Indictment.—The failure to

use the word "knowingly" in an indictment under section 1174, Ky. Stats., for false swearing, did not render it defective, it being alleged therein that the evidence given by the defendants was false and known to them to be false at the time they gave it was equivalent to an allegation that they swore falsely.

W. D. O'NEAL, R. C. M'CLURE, for appellants.

JAMES GARNETT, Attorney General, O. S. HOGAN, Asst. Atty. Gen'l., for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellants, Ben and Frank Fisher, together with one Sam Carter, were jointly indicted in the Lawrence Circuit Court charged with false swearing.

The two Fishers seem to have been tried together in the lower court, and they were both found guilty, and their motions for a new trial being overruled, they appeal.

After the return of the verdict, they each made a motion in arrest of judgment upon the ground that the indictment did not state a public offense, and that is the only question urged by counsel for reversal.

The indictment charges that they "did unlawfully, wilfully and feloniously and falsely swear, and give in evidence after having been duly and legally sworn" certain statements wherein they denied that upon a certain occasion they had shot or discharged a deadly weapon upon a public highway; and thereafter the indictment further alleges "that the said evidence was false and untrue and known to the defendants to be false and untrue at the time they so gave it."

It is the contention of appellants that because the word "knowingly" was not used in the indictment, that under section 1174 of the Kentucky Statutes the same was insufficient as an indictment for false swearing, and that inasmuch as it would not be a good common law indictment for perjury, it charges no public offense.

While it is true the word "knowingly" as used in the statute was not used in the indictment, the allegation therein that the evidence so given by the defendants was false and known to them to be false at the time they gave it, was equivalent to an allegation that they knowingly swore falsely. There is and can be no pretense that appellants did not know what was intended to be charged against them by the allegations of this indictment. The parties to the indictment were specifically named, the offense with which they were charged stated, the venue was charged, and the particular circumstances

under which the alleged false evidence was given set out, and these things under the provisions of our Criminal Code were sufficient. (Sections 122 and 124 of the Criminal Code.)·

False swearing is one of the most prevalent crimes of the day, and along its devious paths breeds countless other crimes—some of them lesser and many of them supposed to be graver than the parent crime. But there is, and can be, no crime more degrading to the man guilty of it, or more demoralizing to the community in which it is tolerated. It leaves in its tortious wake a train of evils which can be accounted for in no other way, and which, but for the parent evil, might be more easily corrected.

No one thing could redound more to the welfare of Kentucky or the uplift of its citizenship than an awakening on this subject which would bring about a rigid enforcement of our laws against perjury in all its forms.

It is sincerely to be hoped that the stay of the two young appellants in the reform school, where they will be surrounded by good and beneficent influences, will teach them the enormity of their crime against society, and enable them hereafter to lead correct lives.

Judgment affirmed.