THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARY WRIGHT, Plaintiff in Error.

*Opinion filed December 23, 1926.*

1. CRIMINAL LAW—*when the oath of a defendant is sufficiently proved in prosecution for perjury.* On the trial of a defendant for having testified falsely as a witness in her own defense of a criminal prosecution, testimony of the official court reporter that she took the testimony of the defendant and that her record shows that the defendant was sworn as a witness and testified in her own behalf is sufficient to prove that an oath was administered, although the clerk of the court testifies that he does not remember whether he or the judge administered the oath.

2. SAME—*what question cannot be raised in Supreme Court in a prosecution for perjury.* In a prosecution for perjury the question whether the alleged false testimony, which was during cross-examination, was in any way material or had reference to the defendant's direct examination cannot be raised for the first time in the Supreme Court.

3. SAME—*when indictment sufficiently charges perjury.* An indictment for perjury which charges that the defendant "did depose and swear in substance" to the alleged false testimony is not improper, as it is not required that the exact words of the false testimony be set out, but under section 227 of the Criminal Code it is sufficient to set forth "the substance" of the offense charged. (*People* v. *Niles,* 295 Ill. 525, followed.)

WRIT OF ERROR to the City Court of DuQuoin; the Hon. L. P. HARRISS, Judge, presiding.

H. E. KIMMEL, J. E. CARR, and GEORGE SAWYER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JUDSON E. HARRISS, State's Attorney, and ROYCE A. KIDDER, (L. A. CRANSTON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

At the January, 1926, term of the city court of DuQuoin plaintiff in error was convicted of the crime of perjury. She has sued out a writ of error from this court to review the proceedings in that case.

On the 12th day of October, 1925, the city court of DuQuoin convened for its October, 1925, term and a grand jury was duly impaneled and on the same day returned into open court an indictment against plaintiff in error containing three counts, the first of which charged her with unlawfully keeping a common, ill-governed and disorderly house, to the encouragement of idleness, adultery, fornication and other misbehavior; the second charged her with keeping a house of ill-fame and place for the practice of prostitution and lewdness; and the third charged her with letting rooms for the purpose of prostitution. She was tried in that court upon the indictment, and on the 23d of October, 1925, she was convicted under the third count. On the 20th of October, 1925, the grand jury adjourned to meet on Tuesday, December 22, 1925, at which time it re-convened, and on December 23, which was one of the judicial days of the October term of the court, the indictment upon which the conviction in this case was had was returned by the grand jury, charging her with perjury committed while testifying as a witness in her own behalf on the former trial.

It is alleged as ground for reversal of the judgment that it is not shown by the record that the grand jury which found the indictment for perjury was called, impaneled and sworn or a foreman appointed, and that the record fails to show that the indictment was returned in open court. Plaintiff in error's abstract does fail to show these facts, but defendant in error has filed an additional abstract which shows a compliance with the law, and plaintiff in error's contention is unfounded.

It is contended by plaintiff in error that the record does not affirmatively show the presence of plaintiff in error at

the time when the verdict of the jury was rendered or when sentence was pronounced. While these facts are not shown by the abstract, a search of the record which we have been compelled to make discloses the fact of her presence upon those occasions.

It is contended by plaintiff in error that the verdict of the jury is contrary to the evidence, in that the evidence fails to show that an oath was administered to plaintiff in error when testifying in her own behalf at the trial on October 23, 1925. The clerk of the court testified that he was present at her trial and thought he administered the oath but was not sure about it, as the judge sometimes administered it when the clerk was busy. The official court reporter testified that she was a reporter at the trial of plaintiff in error at the October term, and that her record showed that plaintiff in error was sworn as a witness and testified in her own behalf; that the witness took plaintiff in error's testimony in shorthand and that she had made a transcript of it. We are of the opinion that the evidence sufficiently shows that plaintiff in error was sworn as a witness upon the trial had October 23, 1925.

It is contended by plaintiff in error that the testimony the giving of which is assigned as perjury was given on cross-examination, and that it does not appear that it was in any way material or had reference to plaintiff in error's direct examination. This objection was not made in the trial court and cannot be considered here for the first time.

The indictment charged that plaintiff in error "did depose and swear in substance and to the effect following," and it is claimed by plaintiff in error that it is not sufficient to state the substance of the alleged false testimony. In *People* v. *Niles,* 295 Ill. 525, (a perjury case,) it is said: "Each count of the indictment charges Niles testified 'in substance and to the effect' to the statements alleged to be false and to have constituted perjury. It is urged this is not sufficient. By section 227 of the Criminal Code, in

every indictment for perjury 'it shall be sufficient to set forth the substance of the offense charged,' etc. It is not required that the exact words of the false testimony be set out.—*People* v. *Miller,* 264 Ill. 148."

What purports to be a bill of exceptions signed by the trial judge is found in the transcript of the record. It does not, however, bear any date and does not appear to have been signed either during the term of court at which the proceedings were had or within a time thereafter fixed by the court during such term. We have, however, examined the same and considered the various assignments of error as if the bill of exceptions had been properly signed and filed.

Finding no reversible error in the record the judgment of the city court will be affirmed.          *Judgment affirmed.*