## Thompson v. Commonwealth.

(Decided June 16, 1931.)

RUMSEY BOGGESS for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The indictment under which the appellant, Ike Thompson, has been convicted and sentenced to a year and a day in prison, accuses him of the crime of false swearing, committed during the trial of Archie Thompson and himself before the county judge of Muhlenberg county on the charge of "taking vegetables."

In sufficient language the indictment sets forth the accusation and alleges that he testified that:

"On a certain date on which he was accused of having taken water melons from the patch of R. F. Sears he was not in that community but had gone up near Weir and *saw* E. E. Davis, and had then gone on over into Todd County and *saw* Jim Groves about work. When the said Thompson made said statements he knew that each and all of said statements were willful, corrupt and false. In fact and in truth he did not *go to see* the said E. E. Davis or Jim Groves on said occasion."

It is to be observed that the negation of the truth of the matter alleged to have been falsely stated is different and does not expressly contradict it. He was charged with having sworn falsely that at the time and places he saw the two persons. The indictment does not allege that he did not see them, but charges that he did not "go to see them"—the purpose for which he went. The rule in this respect is thus given in section 721, Roberson's Kentucky Criminal Law:

"The indictment, after setting out the substance of what was sworn to, must negative, by special averment, the truth of the statements alleged to be false, it not being sufficient to allege in general terms that the statements of the defendant as a witness were false. Thus if the indictment allege that defendant falsely swore that he did not do certain things, it must be alleged that he did do the acts which he swore he did not do, and vice versa. The particulars

wherein the testimony was false must be stated, and each fact falsely sworn to must be negatived."

The demurrer to the indictment should have been sustained.

The county judge testified that on the trial before him the accused was sworn as a witness and stated that he and his boy had gone to see Davis and Groves. Another witness testified that he said he had gone to see them and did not see them. Davis and Groves each testified that he never saw the defendant on that occasion. There were not two witnesses to substantiate the charge. First, only one witness testified to the defendant being sworn. Secondly, the two witnesses differ as to what the defendant deposed, except that both say he testified he went to see the two men. Thirdly, nobody says he did not go to see them or did not see them. One witness says he (the witness) did not see the accused, and the other one says the same thing. Before one may be convicted of the crime of false swearing, it is necessary that every fact essential to establish his guilt be proven by evidence beyond a reasonable doubt through the testimony of at least two witnesses or one witness and strong corroborating circumstances. Hansford v. Commonwealth, 170 Ky. 700, 186 S. W. 498.

The evidence introduced in behalf of the defendant was to the effect that he and three sons had gone to the places indicated and that he had passed and seen both Davis and Groves along the road but did not talk with them. It was further testified that on his trial before the county judge the defendant had told where he was that day and had been asked if he had seen those two men and replied that he had.

The instructions followed the form of the indictment and are also erroneous in other particulars.

No case was charged or proven against the defendant, and the judgment is therefore reversed.