## Wheeler v. Commonwealth.

(Decided April 28, 1933.)

JOHN W. CAUDILL and OSCAR P. BOND for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Bud Wheeler, was indicted in October, 1931, by the grand jury of Floyd county, charging him with the offense of false swearing in the case of Commonwealth v. Johnson. Upon trial, he was convicted and sentenced to two years' confinement in the penitentiary. Complaining of this judgment, he appeals, and urges for its reversal: (1) That the indictment is defective; (2) that the verdict is not sustained by the evidence; and (3) the admission of incompetent evidence.

Considering the first of these objections, appellant contends that the court erred in overruling demurrer

to the indictment. His criticism of the indictment is based upon the contention that it does not allege that the false swearing charged therein was made by the appellant "willingly and knowingly."

The indictment, accusing the appellant of this offense, condemned as a felony by section 1174 of the Statutes, charges that the appellant, Bud Wheeler, "did unlawfully, willfully, corruptly, falsely, feloniously and fraudulently, swear and give in evidence before the Hon. C. B. Wheeler and a jury on the trial of the case of Commonwealth of Kentucky, plaintiff against Willie Johnson, defendant, in the Floyd Circuit Court, and after he had been duly and legally sworn by the Hon. C. B. Wheeler or Hon. O. H. Stumbo, * * * both of whom had authority to administer oaths, which oath was to the effect that he would testify to the truth in his testimony before said jury, the following false and untrue statements, to-wit:

" 'I was present at the storehouse of Lee Hall and saw the killing of Bill Turner; Bill Turner came out of Lee Hall's storehouse and put his hand to his hip as he came through the door, walked out to where Willie Johnson was standing on or near the steps and threw his pistol in Johnson's breast or face when Johnson grabbed Turner's right arm and hand in which he Turner had said pistol and turned him and the arm and pistol around and immediately shot Turner from which he fell to the floor.' "

The indictment thereafter alleges that:
"Said statements were false and untrue and known by the said defendant to be false and untrue and were corruptly and knowingly made by said defendant for the said defendant, Willie Johnson on said trial for a corrupt and unlawful purpose. * * *,,

Section 1174 of the Statutes, in defining and fixing a punishment for the offense of false swearing, provides:

"If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly

swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years.''

Construing this section of the Statutes, this court has held that an indictment for false swearing under the statute would be sufficient if it alleged that the false oath was taken knowingly and willfully on the subject concerning which the party can be legally sworn and before a person legally authorized to administer the oath. Biggerstaff v. Commonwealth, 11 Bush, 169; Commonwealth v. Maynard, 91 Ky. 131, 15 S. W. 52, 12 Ky. Law Rep. 710; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683. Further, while the statute provides the offense consists in any person willfully and knowingly swearing that which is false, it was held that the omission of the word ''knowingly'' in an indictment for false swearing did not vitiate the indictment. Fisher v. Commonwealth, 152 Ky. 411, 153 S. W. 417. This court in so holding in the cited case uses this language:

''It is the contention of appellants that because the word 'knowingly' was not used in the indictment that under section 1174 of the Kentucky Statutes the same was insufficient as an indictment for false swearing; and that, inasmuch as it would not be a good common-law indictment for perjury, it charges no public offense.

''While it is true the word 'knowingly,' as used in the statute, was not used in the indictment, the allegation therein that the evidence so given by the defendants was false, and known to them to be false at the time they gave it, was equivalent to an allegation that they knowingly swore falsely. There is and can be no pretense that appellants did not know what was intended to be charged against them by the allegations of this indictment. The parties to the indictment were specifically named, the offense with which they were charged stated, the venue was charged, and the particular circumstances under which the alleged false evidence was given set out; and these things, under the provisions of our Criminal Code, were sufficient. Sections 122 and 124 of the Criminal Code.''

The matter alleged to have been falsely sworn to must be negatived by special averments in the indict-

ment, yet where it alleges that the accused gave testimony known by him to be false, it sufficiently negatives by special averment the matter alleged falsely sworn to by accused. Thompson v. Com., 239 Ky. 627, 40 S. W. (2d) 287.

The instant indictment, after reciting the alleged false statements to which the appellant testified while under oath, further recites that they were "false and untrue and known by the said defendant to be false and untrue."

We are of the opinion that the constituent requirement of this statutory offense of false swearing is, or involves, a willful corrupt misstatement of fact, which may be either that the witness willfully testifies to a fact as true, which he knows to be untrue, or so testifies to a fact as being to his knowledge, when he knows that it is not; or, that is to say, it is the corrupt purpose of the witness which is the basis and the essential ingredient of the crime. Johnson v. Featherstone, 141 Ky. 793, 133 S. W. 753.

We thus conclude that such necessary and required allegations as measured by the rule announced in the cited cases, supra, were sufficiently made and alleged in the present indictment, and, therefore, it follows that appellant's demurrer thereto as insufficient was properly overruled.

Appellant next complains that the verdict was not sustained by the evidence, that it was flagrantly against the evidence and that his motion for a peremptory instruction was erroneously overruled.

The evidence for the commonwealth shows that one Bill Turner was shot and killed by Willie Johnson at the store of Lee Hall in Floyd county. Upon the trial thereafter had of Willie Johnson, charged with Turner's murder, the commonwealth introduced a number of eyewitnesses to the killing, who undertook to testify as to what were the facts and circumstances surrounding this homicide and whose testimony gave a very different account of it from that given in the testimony of appellant, who testified, also as an eyewitness, for the defense.

The appellant, upon being introduced and duly sworn as a witness, testified that he was present at the

storehouse of Lee Hall and there saw the killing of Turner by Johnson and also the circumstances under which it occurred; that he saw Turner walk out of Hall's store and throw his pistol in Johnson's breast, when Johnson grabbed his arm, turned him around, and shot him.

The commonwealth, on the other hand, contends that the appellant could not have seen these things as to which he testifies as an eyewitness, for the reason that he was not at or near the store of Lee Hall upon the occasion when this homicide is shown to have occurred, and in support of this contention, introduced Lee Hall, the storekeeper, and several of his clerks, who were present at the time, and others, who testified that the appellant was not at the Hall store upon this occasion. Also, it introduced a number of witnesses, coemployees with the appellant of the Inland Steel Company at Wheelright, all of whom testified that the appellant was, at the time when this killing of Turner is shown to have occurred, engaged at work far within the mines of his employer, considerably distant from the Lee Hall store. It was also shown by the punched card of the company's time registering machine installed at the mine that the appellant entered the mine something after 7 o'clock in the morning and did not leave it, according to the register thus made by appellant of his leaving, until nearly 11 o'clock, or more than one-half hour after Johnson's killing of Turner at the Hall store.

Appellant, on the other hand, introduced four or five witnesses, who testified in his defense that they saw him at Hall's store shortly before or at the time of the occurrence of this homicide.

There is thus presented a contrariety of testimony, and therefore we cannot, under such circumstances, say that the verdict is flagrantly against the evidence.

The question therefore presented and resting upon this conflicting testimony, as to whether or not appellant was at Hall's store on the occasion of the homicide, as claimed by him and his witnesses, and was thus permitted to become an eyewitness of the killing, as testified to by him, or was not at the time and could not have been an eyewitness thereto, by reason of his having been then absent and at work down in the mine,

beyond the view of and distant from the store, became a question and problem for the jury's determination alone. They saw and heard the witnesses as they testified, and having, upon the conflicting testimony, found the appellant guilty, we find no ground to reverse their judgment as being flagrantly against the evidence. We have often said that we will not reverse a judgment entered on a verdict of this kind unless the verdict was so flagrantly and palpably against the evidence as to shock the conscience of the court. Couch v. Commonwealth, 227 Ky. 190, 12 S. W. (2d) 285. Here the only question for the jury was: Which set of witnesses was telling the truth? The determination of that question was the jury's problem. We therefore conclude that appellant's contention that the evidence does not support the charges in the indictment and that his motion for a peremptory instruction thereon should not have been overruled are without merit. Gilbert v. Commonwealth, 228 Ky. 19, 14 S. W. (2d) 194; Finney & Turpin v. Commonwealth, 190 Ky. 536, 227 S. W. 999.

We feel it unnecessary to unduly extend this opinion with an elaboration upon appellant's final assignment of error, complaining of the admission of alleged incompetent evidence. Especially do we so conclude in view of the appellant's having apparently considered it unnecessary to argue or cite us to any authorities supporting this contention, and further because of our conclusion that it is without merit.

The evidence complained of related to certain statements made by the commonwealth's attorney to the effect that the Johnsons, father and son, had gone, on the night prior to the homicide, in search of Turner, in order to kill him, and also in allowing the commonwealth's attorney to secure from Mander Johnson, a defense witness, his admission that he was then under indictment, jointly with his father, for the killing of Bill Turner.

While recognizing and being in full accord with the general rule prescribed by section 597 of the Civil Code of Practice and section 221 of the Criminal Code, as construed by this court, which prohibits the impeachment of a witness by evidence of particular wrongful acts or by permitting his interrogation, not as to felony convictions, as allowed, but as to being under an indictment only (Sullivan v. Commonwealth, 158 Ky. 536,

165 S. W. 696), we are yet of the opinion that the special circumstances under which the witness was here testifying for appellant, showing appellant's witness was then jointly indicted for his connection with the killing of Turner, upon which charge he was yet to be tried, when appellant would again likely be called and much needed to testify in defense of witness, the situation of his indictment was such as strongly showed bias and self-interest on the part of the witness in favor of the acquittal of appellant. At any rate, the witness, Johnson, who was thus interrogated, was not appellant's chief or only witness as to the disputed fact of his having been present at Hall's store on the occasion of the homicide, and thus substantially prejudiced by such impeachment of the one witness upon whom he relied for this important evidence, as in the Sullivan Case, supra, and we are clearly of the opinion that the admission of the complained of evidence was not, even if considered as erroneous, substantially prejudicial, nor were the statements of the commonwealth's attorney as to the conduct of the Johnsons, relating entirely to the matter of their guilt of the crime for which they were indicted, relevant to the question of appellant's guilt upon the entirely different charge of false swearing, for which he was here being tried.

We therefore, after a mature consideration, perceive no error committed upon the trial prejudicial to appellant's rights upon the whole case, and we must hold that the judgment should be, and is, affirmed.