## Goins v. Commonwealth.

(Decided Oct. 13, 1933.)

H. W. ROLLINS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Marcus Goins, has been convicted of the crime of false swearing and sentenced to a term

of one year in the penitentiary. The evidence for the commonwealth discloses substantially the following facts:

William Catron shot and killed Barlow Stanley. Marcus Goins was present when the killing occurred, and before the trial of Catron, who was charged with murder, he was interviewed by Jesse Stanley, father of the deceased; R. L. Pope, an attorney who had been employed to assist in the prosecution of Catron; and Coy Adams. According to Stanley, Pope, and Adams, appellant stated during that interview that Barlow Stanley, at the time he was killed, was standing facing Catron with his hands down by his side, that he had nothing in his hands, and that he was not making any attempt to molest Catron.

When the case of Commonwealth v. Catron was tried in the Bell circuit court in June, 1932, appellant was introduced as a witness for the defendant. He testified that Barlow Stanley was advancing on Catron with something in his hand resembling a knife when Catron shot and killed him. On cross-examination he denied that he had theretofore stated in the presence of Jesse Stanley, R. L. Pope, and Coy Adams that Barlow Stanley was standing facing Catron with his hands down by his side and was not making any demonstration toward Catron at the time he was shot. He was later indicted for false swearing, the indictment charging that he "did falsely, willfully, knowingly and corruptly swear, depose and give in evidence that he did not prior to the trial make a statement to R. L. Pope in the presence of Jesse Stanley and Coy Adams in which he said that Barlow Stanley was standing with his hands by his side doing nothing at the time W. C. Catron shot him and on trial he swore that he did not make such statement to Messrs. Pope, Stanley and Adams. When the said Marcus Goins made such statement he well knew that each and all of said statements were willful, corrupt and false, in fact and in truth he did make such statement to Messrs. Pope, Adams and Stanley."

It is first insisted that the indictment is defective because it does not by special averment negative the statement alleged to have been made by appellant. The indictment sets forth the alleged false statement, and

then charges that, when the appellant made the statement, he knew it was willful, corrupt, and false, and "in fact and in truth he did make such statement to Messrs. Pope, Adams and Stanley." The question at issue was whether or not appellant had made a certain statement to Messrs. Pope, Adams, and Stanley. He denied, when a witness in the case of Commonwealth v. Catron, that he made the statement to them. It was the truth of this denial that the indictment was required to negative by special averment, and this the indictment did when it charged that the statement was willful, corrupt, and false, and that in fact and in truth he did make such statement to Messrs. Pope, Adams, and Stanley. The statement charged to be false was his denial on the witness stand that he had made the statement concerning which he was asked. This matter was clearly negatived by the immediately following averment in the indictment, which distinguishes the indictment in this case from the one condemned in Thompson v. Commonwealth, 239 Ky. 627, 40 S. W. (2d) 287. The indictment goes farther in negativing the matter alleged to have been sworn to than the indictment in Wheeler v. Commonwealth, 248 Ky. 728, 59 S. W. (2d) 992, which was held sufficient. The objection to the indictment in the instant case cannot be sustained.

Appellant complains because the official reporter who took down the evidence in the Catron trial was not introduced as a witness by the commonwealth in order that the jury might know the exact statements made by appellant on that trial. A number of persons who were present at the Catron trial and heard appellant testify were introduced as witnesses by the commonwealth, and they testified to the statements made by appellant on that trial. There was no substantial conflict in their testimony, and this was a proper manner in which to get the matter before the jury.

Appellant insists that the verdict is flagrantly against the evidence, but this contention is without support in the record. Appellant, at the Catron trial, denied making certain statements in regard to the conduct of Stanley at the time he was killed, and a number of witnesses testified that such statements were made. After he made the statements testified to by the witnesses for the commonwealth, he then swore falsely when he denied that he had made them. Appellant on

his trial for false swearing still denied that he made the statements, and the only question for the jury was as to who was telling 'the truth, appellant or the witnesses for the commonwealth.

Appellant complains of instruction No. 1 because the court instructed the jury that "the defendant," Marcus Goins, was duly sworn by Thomas B. McGregor, a special judge of the Bell Circuit Court." He argues that there is no evidence that appellant was sworn by Judge McGregor in the Catron case. It is true that one or two witnesses testified that they could not say whether or not he was sworn. One witness testified that he was sworn when he testified in the Catron case, but the witness did not remember whether he was sworn by the clerk or the judge. One witness testified that according to his recollection appellant was sworn by Judge McGregor. If there was any issue as to whether or not appellant was sworn, that issue was submitted to the jury, since the jury was required to believe beyond a reasonable doubt that appellant was duly sworn before he could be found guilty.

Appellant finally insists that his motion for a new trial should have been sustained on the ground of newly discovered evidence. Appellant filed his affidavit in which he stated that since the trial he had learned that S. B. Napier, one of the jurors in the Catron case, would testify that appellant, when being examined as a witness in that case, stated that he did tell Messrs. Pope, Stanley, and Adams that Barlow Stanley was standing with his hands at his side doing nothing at the time he was shot by Catron, but that he (appellant) was talking then and was swearing now. The trial court correctly overruled appellant's motion for a new trial on the ground of newly discovered evidence for two reasons: First, he knew S. B. Napier served as a juror in the Catron case and heard his testimony, and it does not appear from the affidavit that appellant used reasonable diligence to obtain the alleged newly discovered evidence; second, appellant's affidavit was not supported by the affidavit of the newly discovered witness. Grubbs v. Commonwealth, 240 Ky. 473, 42 S. W. (2d) 702.

On the whole we find no error in the record prejudicial to appellant's substantial rights. The judgment is affirmed.