KOEHLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 8—April 2, 1935.*

For the plaintiff in error there was a brief by *Bottum, Hudnall, Lecher, Michael & Whyte,* and oral argument by *Suel O. Arnold,* all of Milwaukee.

For the defendant in error there was a brief by *William A. Zabel,* district attorney of Milwaukee county, *Herman A. Mosher,* deputy district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Mosher* and *Mr. Messerschmidt.*

Rosenberry, C. J.   But two questions are raised upon this appeal.   The defendant contends, first, that the indictment was fatally defective in that it contained no allegation as to the truth of the matters as to which it was alleged defendant had testified falsely; second, that there was no competent evidence to show that the defendant was duly sworn in the proceeding, in which he is alleged to have testified falsely. After allegations by way of inducement, the indictment sets forth:

"That the said Harry C. Koehler did then and there commit the crime of perjury in that he did wilfully and corruptly swear, affirm and declare falsely to matters and things material to the matter then under consideration and investigation before and by the said Grand Jury, and in regard to a matter and thing respecting which such oath, affirmation and declaration is by law authorized and required before an officer authorized to administer oaths, in that he testified falsely in relation to the sales by the Triangle Realty Company, a Wisconsin corporation, to the City of Milwaukee, of Block Three (3) and Block Two (2), Parkway Manor Subdivision, in said City of Milwaukee, that said Koehler testified in substance as follows:

"(a)  That he, said Koehler, had received a certain bank check for One Hundred ($100.00) dollars made by A. W. Birnschein and Geo. W. Mackinson and payable to the Triangle Realty Company approximately two and one-half months prior to August 17, 1927, and had retained said check either on his person or in the office of the Triangle Realty Company during said period, and that he had likewise had in his custody and possession for a like period a certain purchase agreement and that he recalled these circumstances independently of the dates on said check and the date on said purchase agreement between said Triangle Realty Company and Alvin W. Birnschein or other records or memoranda.

"(b) . . . (c) . . . (d) . . . (e) . . . (f) . . .

"That said testimony was false, and was well known by said Harry C. Koehler to be false," etc.

The defendant claims that the indictment does not state, as is required at common law, "Whereas in truth and in fact"

the said Harry C. Koehler did so and so, stating the truth with respect to those matters in regard to which the defendant is alleged to have testified falsely. The defendant contends that under sec. 355.25, Stats., an information or indictment charging perjury to be sufficient, must set forth the substance of the offense charged, and in what court or before whom the oath was taken, averring the court or body to have competent authority to administer the same, "together with proper averments to falsify the matter wherein the perjury is assigned."

Sec. 355.23 provides that no indictment or information shall be deemed invalid nor shall the trial, judgment, or other proceeding therein be affected—

"(4). By reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant."

Under a somewhat similar statute, the supreme court of Kansas, in *State v. Kemp,* 137 Kan. 290, 20 Pac. (2d) 499, held:

"It is not open to dispute that Kemp knew he was charged with perjury in a matter clearly pleaded; that the trial court could pronounce judgment according to the right of the case; and that the imperfection in the information did not tend to prejudice Kemp's substantial rights. . . . The whole purpose of the section of the bill of rights which requires that the defendant shall be allowed to demand the nature and cause of the accusation against him (§ 10) is subserved when the information discloses that he swore falsely."

See also *Wheeler v. Commonwealth,* 248 Ky. 728, 59 S. W. (2d) 992.

In addition to the provisions of the statutes in relation to informations and indictments, we are admonished by sec. 274.37 not to set aside any judgment—

"in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure,

unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment."

We have carefully examined the brief of counsel for the defendant, the opinion of the trial court, and the record, and we are unable to see that any substantial right of the defendant in this case was affected by the failure of the pleader to allege what was in fact the truth. It is said that the defendant could not properly prepare for trial. There is, however, no suggestion in the record that any other evidence or any other preparation for trial could have been made than was in fact made.

It is considered that the indictment should falsify the matter, but it does not appear that a substantial right of the defendant has been affected by the omission in this case.

2. It is next contended that it does not sufficiently appear from the evidence that the defendant was duly sworn as a witness in the proceeding had before the grand jury. In that respect the indictment charges:

"That Harry C. Koehler then and there appeared before the said Grand Jury as a witness and was duly sworn to tell the truth, the whole truth and nothing but the truth with regard to the matters and things then and there being investigated and considered by said Grand Jury; that said oath was duly administered by Fred Dorner, foreman of the said Grand Jury, in the presence of said Grand Jury, and that the said Fred Dorner, as such foreman, had competent authority to administer the said oath," etc.

Upon the trial A. J. Kaempfer, a court reporter, was called as a witness. He testified that as such reporter he reported the proceedings of the Milwaukee county grand jury impaneled in the municipal court in the spring, March, 1933. After proper identification, his notes and transcript thereof were duly offered and received in evidence. The transcript is not

returned with the record in this case. However, the following was read into the record from the transcript without objection:

"Harry C. Koehler, called as a witness by the grand jury, being first duly sworn, to testify the truth, the whole truth and nothing but the truth, was examined and testified as follows:"

It is considered that this is sufficient proof of the fact that Koehler was called and duly sworn as a witness in the grand jury proceeding. *Lappley v. State,* 170 Wis. 356, 174 N. W. 913; *Komp v. State,* 129 Wis. 20, 108 N. W. 46.

Examination of the record convinces us that the defendant had a full, fair, and impartial trial. The comment of the trial judge at the close of the case indicates not only that he was painstaking and exercised due care, but was convinced of the guilt of the defendant beyond all reasonable doubt.

*By the Court.*—Judgment affirmed.