STATE v. E. L. MANN.

(Filed 26 February, 1941.)

1. **Perjury § 3—Evidence that defendant "testified" on former trial, together with transcript stating he was "duly sworn," held sufficient for jury on question of whether false statement was under oath.**

    While testimony in a prosecution for perjury that defendant "testified" to the material, false statement on the former trial, alone, is insufficient proof that defendant's statement on the former trial was under oath, where in addition thereto, the transcription of his testimony, properly identified by the court reporter and admitted in evidence, contains the statement that defendant "being duly sworn" testified to the false statement, the evidence, in the absence of inquiry by defendant of the reporter as to what was meant by the phrase "being duly sworn," is sufficient to be submitted to the jury upon the question of whether defendant's testimony on the former trial was under oath.

2. **Criminal Law § 52b—**

    Upon motion to nonsuit in a criminal prosecution, the evidence will be considered in the light most favorable to the State, and the court must determine only whether there is any evidence to sustain the indictment, the credibility and weight of the evidence being within the exclusive province of the jury. C. S., 4643.

APPEAL by defendant from *Harris, J.,* at October Term, 1940, of DARE.

The defendant was tried and convicted upon a bill of indictment charging that he committed perjury in the trial of the case of "State of North Carolina against E. L. Mann" in Superior Court of Dare County by falsely asserting on oath or solemn affirmation that Mrs. W. W. Midgette was driving and operating an automobile belonging to the defendant at the time it collided with an automobile operated by M. C. Tillett on Highway No. 34, on 18 May, 1939, at which time it was charged the defendant was driving and operating such automobile while intoxicated.

When the State had produced its evidence and rested its case the defendant moved to dismiss the action or for a judgment of nonsuit. The motion was refused and defendant excepted. C. S., 4643. The defendant offered no evidence.

The jury returned a verdict of guilty. From a judgment of imprisonment predicated upon the verdict, the defendant appealed to the Supreme Court, assigning as error the refusal of the court to sustain his motion for judgment of nonsuit.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*M. B. Simpson for defendant.*

SCHENCK, J.   The sole question presented by the brief of the appellant is: Was there sufficient evidence to be submitted to the jury upon an essential element of the crime charged, namely, that the defendant was sworn in the former trial in which it was alleged the false statement was made?   There was ample evidence that the statement was made in a court of competent jurisdiction, that it was false, and that it was material to the issue being tried.

The evidence relied upon by the State relative to the question involved in this appeal consisted of (1) the testimony of Miss Kate Wade, who testified that she was the court reporter at the October Term, 1939, of Dare County Superior Court, in the case of "State v. E. L. Mann," and that she transcribed the evidence that E. L. Mann gave in that case, and identified the trancription of his testimony, whereupon (2) such transcription was introduced in evidence, containing, *inter alia,* the following: "E. L. Mann, *being duly sworn,* testified: . . . I wasn't driving at all. . . . Mrs. Midgette was driving and stopped and said let somebody else drive, she didn't want to drive any more. . . ." (3) the testimony of W. J. Griffin that he was one of the jurors in the case where the defendant "was tried for drunken driving," and that "he *testified* that Mrs. Midgette was driving the night of the collision," and (4) the testimony of C. S. Gregory that "Mr. Mann *testified* that the car was stopped at the time of the collision. . . ."

Both the defendant and the State rely upon *S. v. Glisson,* 93 N. C., 506.   Upon a careful examination of this case we are constrained to hold that it sustains the position of the State rather than that of the defendant.   The case holds in effect that while it is a reasonable inference from the delivery of testimony in a trial it comes under the sanction of an oath or solemn affirmation, upon the legal maxim *"Omnia presumuntur rita esse acta,"* the Court is not disposed to carry the inference so far as to dispense with any further proof of the administering of an oath, which is an essential element in the crime of perjury, and allow a conviction in its absence.

In the *Glisson case, supra,* there was other evidence than that the false testimony was delivered in a regularly constituted trial to the effect that "the defendant swore upon trial" and that the witness "was present when the defendant was sworn."   It was held in absence of any evidence from the defendant that the evidence of the State was sufficient to sustain a verdict of guilty.

In the case at bar we have substantially the same situation: Evidence that the false testimony was delivered by the defendant in a court of competent jurisdiction, evidence of the defendant "E. L. Mann, *being duly sworn,"* and evidence that the defendant testified when "tried for drunken driving" that "Mrs. Midgette was driving."

If the defendant did not in fact take an oath it was easy for him to inquire what the witness meant when she transcribed his evidence, and made the entry, "E. L. Mann, being duly sworn." The entry is tantamount to a positive statement of the fact of the defendant having been sworn and unchallenged was proper to be submitted to the jury for their consideration. *S. v. Glisson, supra.* This is strengthened by the other evidence that the defendant testified in the former trial.

"In considering a motion to dismiss the action under the statute, we are merely to ascertain whether there is any evidence to sustain the indictment; and in deciding the question we must not forget that the State is entitled to the most favorable interpretation of the circumstances and of all inferences that may fairly be drawn from them. *S. v. Carlson,* 171 N. C., 818; *S. v. Rountree,* 181 N. C., 535. It is not the province of this Court to weigh the testimony and determine what the verdict should have been, but only to say whether there was any evidence for the jury to consider; if there was, the jury alone could determine its weight. *S. v. Cooke,* 176 N. C., 731." *S. v. Carr,* 196 N. C., 129, 144 S. E., 698.

On the record we find

No error.