STATE v. ALEX D. WILLIS
and
STATE v. M. J. HORNE.

(Filed 7 January, 1942.)

**Prostitution § 3—**

Defendants, taxi drivers, were apprehended in a clearing in the woods, each under the wheel of his taxi with motor running, and carrying soldiers. The evidence of the character of the scene and the other circumstantial evidence *is held* sufficient to support the inference that defendants knew their destination and brought their passengers to the place for the purpose of engaging in prostitution, and supports a verdict of guilty. C. S., 4358 (4).

STATE *v*. WILLIS and STATE *v*. HORNE.

APPEAL by defendants from *Parker, J.*, at September Term, 1941, of ROBESON.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Ellis & Nance for defendants, appellants.*

SEAWELL, J.   The defendants, whose cases were consolidated for trial, were convicted on charges that they "did take, transport and agree to take and transport persons to places or to other persons, with knowledge or reasonable cause to know the purpose of such taking or transporting was prostitution or assignation."   C. S., 4358 (4).

Witness McQueen, crossing a blackjack thicket on his lands, came upon a recently cleared area of one-fourth an acre or less, on the edge of which had been pitched a large army tent.   A car containing five or six women was seen parked in the bushes.   McQueen quickly left to report his findings to officers, with whom he returned that evening for further investigation.

The officers testified that they traveled over two miles from Fayetteville, following a "dim dirt road," and turned into an old road leading into the thicket.   After parking their car, they walked in the direction from which came the sound of music and the voices and laughter of men and women.   As they approached the clearing, a taxi "cranked up" and rushed away; two girls ran out of the woods, jumped into a car in which other girls were waiting, and sped off down the old road.   Here, the defendants were found, each under the wheel of his taxi, motor running, and carrying soldiers.

In the woods next to the clearing were found several mattresses and blankets.   Other details of the evidence showing the character of the place are too indecent to print.   It is sufficient to say that the evidence showed it to be a brothel or place of assignation and prostitution of the vilest sort.   There was no evidence that the place afforded any other attraction for the visitation of men, but its popularity was attested by the many footprints of both men and women.

That the place was one where prostitution was carried on is freely admitted by counsel for defendants; he claims, however, that the foregoing evidence raises but a suspicion against the defendants as to the violation of the statute.   The State contends that a legitimate inference may be drawn that the defendants knew their destination and brought their passengers to this place for the purpose of engaging in prostitution.

We are unable to say that no inferences of the guilt of the defendants may be drawn from the facts presented in evidence.   *S. v. Mann,* 219 N. C., 212, 13 S. E. (2d), 247.

No error.