2 437
77 633

THE STATE OF WISCONSIN

*vs.*

GAIUS E. LAMONT.

A motion for a new trial is mainly addressed to the discretion of the court in which it is made, and this court will not interfere with the exercise of that discretion except in extreme cases.

It is not error to refuse a new trial because the testimony is conflicting.

Where it does not appear on the face of an indictment for perjury that the affidavit upon which the perjury is assigned, was made in a judicial proceeding, there is an objection to its sufficiency.

This cause is brought to this court on an exception to the ruling of the circuit judge of Marquette county, in which a motion for a new trial was refused. The case is stated in the opinion of the court.

*Attorney General,* for the State.

*By the Court,* WHITON, C. J. This case comes here on an exception to the ruling of the Circuit Court for Marquette county, in denying a motion for a new trial. The testimony is set out in the bill of exceptions, and the single error assigned is that the court refused the new trial.

By our statute, (*Rev. Stat., ch.* 149, § 6,) the Circuit Court has the power to grant a new trial in all cases of conviction of a criminal offence; and we have no doubt that cases may arise which will justify a reversal of a judgment of that court for a refusal to exercise this power. *Davis vs. Ruggles,* 2 *Chandler's R.* 152. But nevertheless, motions for new trials are mainly addressed to the discretion of the court in which they are made, and this court will not interfere

with the exercise of that discretion except in extreme cases.

The defendant was convicted of perjury, and the perjury is alleged to have been committed in swearing to an affidavit before a justice of the peace, which set forth, among other things, that the defendant was the owner, and was entitled to the possession of a certain horse. It appears from the testimony that the affidavit was the foundation of an action of replevin brought by the defendant against one Ira Warner, pursuant to the Revised Statutes. *Rev. Stat., ch* 88, § 134 *to* 140.

We have looked into the testimony, and find that two witnesses, Ira Warner and Edgar Warner, testified that the horse in question belonged to the former, at the time when the affidavit was made by the defendant. Their testimony also tended to show that Ira Warren purchased the horse of the defendant. Testimony was also introduced to show that the horse was taken from the possession of Warren by virtue of the writ of replevin, in the night, and that no service was made upon, and no notice of the suit given to him. The defendant introduced testimony tending to show that the horse did not belong to Warner, but was his own property ; that the defendant had agreed to sell him to Warner for forty dollars, twenty-five dollars to be paid in two weeks, and the remainder in March or May following; that Warner was to have possession of the horse, but the right of property was to remain in the defendant ; and that upon the failure of Warner to pay the money, it should be lawful for the defendant to reduce the horse to his possession.

Testimony was also introduced, tending to show that this contract was made on the 13th of December,

and that the affidavit upon which the perjury is as-
signed, was sworn to on the 26th day of the same
month.

We do not think that we are called upon to decide
whether under this contract the defendant would be
entitled to the possession of the horse before the time
fixed for the first payment, or not. The motion for a
new trial seems to have been predicated upon the
supposition that this contract was entirely executory,
and that either party could rescind it at any time be-
fore the property vested in Warner, by the payment
of the money. But admitting that this is the legal
effect of the contract, we cannot see as the judge
committed an error in refusing a new trial. There is
nothing in the bill of exceptions to show what his
ruling upon this subject was; and we must suppose
that the jury were correctly instructed upon this, as
well as upon all the other questions of law which are
not brought to our notice. There was testimony suf-
ficient on the part of the prosecution (if the jury be-
lieved it) to warrant a conviction, and the testimony
which was introduced by the defendant to prove the
contract might have been wholly discredited by the
jury.

There is nothing to show that the charge of the
judge to the jury was not in all respects correct; and
it would be going further than any adjudged case
which we have been able to find, to hold it to be
error to refuse a new trial because the testimony is
conflicting.

Objection is taken also to the indictment. We
have had some doubt whether we had the power to
look at anything besides the exception to the decision
of the court denying the motion for a new trial. The

statute under which the case comes here (*Rev. Stat.*, ch. 149, § 7 *and* 9) provides that any person who shall be convicted before the Circuit Court, may allege exceptions to the opinion, &c., of the court, which exceptions shall be signed by the judge, and thereupon all further proceedings in that court shall be stayed, unless it shall clearly appear that such exceptions are frivolous. It is further provided that the defendant, when not accused of an offence punishable with death, may recognize &c. conditioned for his appearance at the Supreme Court, to enter and prosecute his exceptions with effect, &c. From these provisions, it appears that nothing comes up but the exceptions ; no writ of error is issued from this court to bring up the record, and consequently it does not come to this court when the recognizance is entered into, unless some exception to the ruling of the court embraces it.

In this case no exception was taken to the ruling of the judge as to the sufficiency of the indictment, and were it not that it is made a part of the bill of exceptions, we do not see as we could properly consider the objections made to it. The indictment is, however, made a part of the bill of exceptions, and we have concluded to consider the objections to its sufficiency. The objections are two in number. One is, that it does not appear on the face of the indictment that the affidavit was made in a judicial proceeding ; and the other, that admitting that the affidavit was the foundation of an action of replevin before the justice, and was made for the purpose of procuring a writ of replevin, it does not appear that the justice had jurisdiction to issue the writ, or to entertain the suit. We think the first objection well taken. The indictment sets forth that the defendant, contriving

&c. to injure &c. one Ira Warner, and to put him to great loss &c., and to " deprive him, the said Ira Warner, of and from the ownership and possession of a certain horse of the value of one hundred dollars, by causing the said horse to be replevied from the said Ira Warner," made the affidavit.

The indictment does not set forth that the affidavit was made for the purpose of obtaining a writ of replevin, nor that any judicial proceeding was pending, in respect to which the oath was taken. It is essential that the indictment should show that legal proceedings were pending, or that the affidavit itself was the commencement of legal proceedings. *Reg. vs. Pearson*, 8 *C. & P.* 119 ; *Reg. vs. Gardiner*, 8 *C. & P.* 787 ; *Reg. vs. Koops*, 6 *A. & Ed.* 198.

This is not done in the indictment before us. It states merely, that the affidavit was made with the intent to deprive Warner of the horse by causing him to be replevied. Our attention has been directed to the statutes defining perjury, (*Rev. Stat. ch.* 136, *sec.* 1 *and* 2 ; *Sess. Laws* 1850, *ch.* 229, *sec.* 1,) and we are satisfied that in respect to this question they do not change the rule of the common law. In regard to the other objection to the indictment, we give no opinion. The indictment states that the affidavit was taken before one Frederick Durand, a justice of the peace, &c., but does not in terms set forth that he had authority to try and determine the action of replevin.

It has been decided by the Supreme Court of the State of New York, that under the statute of that State, it is not necessary to set forth in the indictment the facts which give jurisdiction, but that it is sufficient to aver that the officer had lawful and competent authority to administer the oath. (*People*

vs. *Phelps*, 5 *Wend.* 10.) This case was, however, decided with reference to the statute of that State, which expressly provides that the indictment shall be valid, " without setting forth the commission or authority of the court or person before whom the perjury was committed." We have no such statute ; and it would be safer, especially when the perjury is alleged to have been committed in the course of legal proceedings before a justice of the peace, to set forth in the indictment the facts which give the justice jurisdiction of the proceedings; for it is clear, that unless the justice has jurisdiction in fact, the proceedings will be *coram non judice*, and that therefore no perjury can be committed. (*Commonwealth vs. White*, 8 *Pick.* 453.) We, however, do not intend to give any opinion upon this question, nor do we decide that the facts set forth in the indictment would not have shown, that the justice had jurisdiction to hear and determine an action of replevin for the horse in question, if it had appeared on the face of the indictment that the affidavit was the commencement of such a suit.

The indictment being insufficient, it is apparent that no judgment can be pronounced upon the conviction. It must therefore be arrested. But we have concluded to order the defendant to enter into a recognizance, with sureties for his appearance at the next term of the Circuit Court for Marquette county, to answer to an indictment for perjury. We are satisfied that the power to make this order is conferred upon this court by section 10, of chapter 149, of the Revised Statutes. Ordered accordingly.