PLATH, Guardian, etc., vs. BRAUNSDORFF.

PLEADING: (1) *Matter in abatement to be specially pleaded.*

MALICIOUS PROSECUTION: PERJURY. *(2, 3) What constitutes perjury, and when prosecution therefor without probable cause. (4) Whether advice of counsel a defense to action for malicious prosecution. (5) Damages in such an action.*

1. Where plaintiff sues as guardian, an objection to his right to act as such is matter *in abatement*, which defendant cannot avail himself of under a general denial or other defense in bar, but must plead specially. *Dutcher v. Dutcher*, 39 Wis., 651.
2. Willfully false testimony in a cause as to a fact not material to the issue therein, does not constitute the crime of perjury.
3. In an action for a malicious prosecution for perjury, therefore, where the alleged perjury consisted in testifying falsely as to the date of a particular act, which date was immaterial to the issue in the action wherein such testimony was given : *Held*, that the jury might properly have been instructed that the prosecution was *without probable cause.*
4. Whether the advice of *private counsel* (instead of the district attorney), though given in good faith, with a full knowledge of the facts, is a complete defense to an action for a malicious prosecution, *quære.*
5. There being evidence from which the jury might have found that the prosecution complained of greatly injured the health of plaintiff's ward, rendered her insane, and created in her a predisposition to mental aberration, an award of $3,000 cannot be treated by this court as excessive, especially as the jury were authorized to give *exemplary* damages.

APPEAL from the Circuit Court for *Sheboygan* County.

On complaint of the defendant, a warrant was issued by a

justice of the peace against the plaintiff's ward, Rosina Flaig, and she was arrested, brought before the justice, and duly examined on a charge of perjury.   The examination resulted in her discharge.   This action is to recover damages for such prosecution, the complaint alleging that it was malicious and without probable cause.   Special damages are alleged in the complaint as follows: "That at the time of the arrest and examination aforesaid, the said Rosina Flaig was of sound mind, and physically strong and healthy; that in consequence of the arrest and examination aforesaid, the said Rosina Flaig is not only greatly damaged in her good name, fame and credit, but her reason is dethroned, and her physical system is greatly injured, and her health permanently impaired, to her damage five thousand dollars; that for several months last past she has been confined as an insane person in the Northern Hospital for the Insane, near Oshkosh, in this state, for treatment under the rules and regulations of said hospital for the treatment and care of insane persons."

Due appointment of the plaintiff as guardian of said Rosina is also alleged.

The answer admits the making of the complaint for perjury by defendant, the issuing of the warrant, the arrest of the said Rosina by virtue thereof, and her examination and discharge, as alleged in the complaint; and it contains a general denial of all other material allegations of the complaint. The testimony, and the rulings of the court on the trial, are sufficiently stated in the opinion.

The following instructions asked by the defendant, were refused:

"1. There is no evidence before you that the affidavit upon which the arrest alleged in the complaint was made, was wilfully false; and, in the absence of such evidence, it is necessary for you to find that the belief of the facts stated in such affidavit did not constitute probable cause for the arrest and prosecution, or the plaintiff cannot recover.

"3. If the jury find from the evidence that Mr. Phalen was an attorney at law, and that he advised the prosecution for which damages are claimed in this action, upon a full statement of the facts within the knowledge of this defendant, then the plaintiff cannot recover, unless the jury are satisfied, from the evidence, that there was a corrupt understanding between the defendant and said attorney that such advice should be given as a protection to defendant, and without reference to the correctness of the advice given.

"4.. The burden of proof is upon the plaintiff to show both malice and want of probable cause; and unless you find a preponderance of evidence to the existence of both these, your verdict must be for the defendant. If the evidence is equally balanced, the defendant is entitled to your verdict."

Plaintiff had a verdict for $3,000 damages; a new trial was denied; and defendant appealed from a judgment on the verdict.

*George T. Sumner*, for appellant, in support of the first instruction refused, cited *Shaul v. Brown*, 28 Iowa, 37 (4 Am. R., 151). In support of the fourth, he cited *Foshay v. Ferguson*, 2 Denio, 617; *McKown v. Hunter*, 30 N. Y., 625; *Besson v. Southard*, 10 id., 236; *Burlingame v. Burlingame*, 8 Cow., 145, note; *Closson v. Staples*, 42 Vt., 209 (1 Am. R., 316, 324); *Boyd v. Cross*, 35 Md., 194; 2 Greenl. Ev., §§ 453–4. It may be urged that the discharge of the accused (here admitted by the pleadings) raises a presumption of want of probable cause, and shifts the burden of proof. The weight of authority is against this view (1 Hilliard on Torts, ch. 16, § 30, note); but, even conceding its truth, the exception seems to be well established, that when the prosecutor is a witness at the trial, an acquittal raises no such presumption. 1 Hilliard on Torts, ch. 16, § 16. 2. There was no evidence whatever of a want of probable cause. True, defendant was mistaken as to the law; but in this the advice of counsel protects him. 2 Greenl. Ev., § 459. Nor will an honest mistake as to the

matter of fact sworn to, render him liable. *Burlingame v. Burlingame, supra.*

*Jno. E. Thomas,* for respondent:

1. In the absence of probable cause, defendant, to relieve himself from liability, must show that he acted in good faith, without malice, under professional advice, based upon a full disclosure of all the facts in his knowledge, or which with due diligence he might have known. 37 Md., 284. But it is a question of fact for the jury, whether he acted on such counsel in good faith, believing the person prosecuted to be guilty. *Hall v. Suydam,* 6 Barb., 83; *Ames v. Rathbun,* 55 id., 194; 37 How. Pr., 289. 2. The jury may be instructed as to what constitutes probable cause, and left to apply the facts thereto. *Shaul v. Brown,* 28 Iowa, 37; *Boyd v. Cross,* 35 Md., 194; *Panton v. Williams,* 1 Gale & Dav., 504, and authorities there cited. 3. The insufficiency of the facts charged against plaintiff's ward in the prosecution, to constitute the crime of perjury, is no defense to this action. *Dennis v. Ryan,* 63 Barb., 145; *Forrest v. Collier,* 20 Ala., 170; *Collins v. Love,* 7 Blackf., 417; *Shaul v. Brown, supra; Morris v. Scott,* 21 Wend., 281; 1 Am. Crim. Cas., 208–9; *Pedro v. Barrett,* 1 Ld. Ray., 81; *Chambers v. Robinson,* Strange, 691; *Wicks v. Fentham,* 4 Term, 247.

LYON, J. 1. Some objections were made on the trial to the plaintiff's right to show that he was the guardian of Rosina Flaig, and to his competency to maintain an action in her behalf. But these objections go only to matters in abatement of the action, and are unavailable to the defendant, because his answer is in bar only. If he desired to contest the right of the plaintiff guardian to bring the action, he should have pleaded the disqualifying matters specially, so that judgment for him would not be a bar to a subsequent action for the same cause properly brought by the ward or in her behalf. That a judgment for the defendant on the present pleadings

would be an absolute bar to another action for the same cause, we cannot doubt. The doctrine that matter in abatement must be specially pleaded to be available, is laid down, and the grounds upon which it rests are fully stated, by the chief justice in the late case of *Dutcher v. Dutcher*, 39 Wis., 651; where the cases in this court on that subject are collected.

2. The charge of perjury is predicated upon testimony given by Rosina on the trial of a certain action before a justice of the peace; and the circuit court permitted the plaintiff to show, against objections by the defendant, how such action terminated; also to prove certain things that transpired on the trial thereof. Testimony was offered by the defendant, and rejected by the court, which would have tended to show that a sister of Rosina was also prosecuted for perjury for testifying as Rosina did, on the trial of the action before the justice, and that the sister was examined and held to bail.

Some of these rulings are quite immaterial and harmless. So far as they are material or of any significance in the case, they are believed to be entirely correct. It would be unprofitable to discuss them in detail.

3. The testimony on the trial tended to show that the defendant instituted the prosecution for perjury against Rosina in good faith, under the advice of counsel (not the district attorney of the proper county, however, but of private counsel); yet it cannot be successfully denied that on the question of good faith the testimony is conflicting, and tends as well to prove that the defendant was actuated by malicious motives in so doing.

The perjury is assigned upon testimony given by Rosina on the trial of an action between her father and the father of the defendant, to the effect that she saw the defendant and his father do a certain act on a certain day, or rather on one of two days named by her. It is not denied that they did the act as she stated; but it was claimed that the act was not done on either of the specified days. This inaccuracy of date

is the alleged perjury. It may as well be observed here as elsewhere, that the particular day upon which the above mentioned act was done was entirely immaterial to the issue in that action, and even though Rosina testified willfully to a wrong date, it is not perjury. It would seem to follow that there was not, and could not have been, any probable cause for believing that by testifying as she did she committed the crime of perjury.

The learned circuit judge instructed the jury, among other things, that to maintain the action the plaintiff must prove that the complaint for perjury was made maliciously and without probable cause; and the questions of malice and probable cause were submitted to the jury on the testimony. The charge was not excepted to; but were we to criticise it, we should say that it is quite as favorable to the defendant as the law will permit. For reasons already stated, had the court taken from the jury the question of probable cause, it would not have been error. Furthermore, the jury were told that "if there was not probable cause for his making the complaint, still if he made a full statement of the facts in the case to Phalen, his counsel, and he relied upon the advice of Phalen after making such statement, and acted upon it in good faith in making the complaint and causing the arrest of Rosina, in either case he is justified, and the plaintiff cannot recover in this action." They were also told that "the advice of an attorney at law, given in good faith and with a full knowledge of the facts involved in the issue to be tried, is a complete defense to an action for malicious prosecution on account of such trial." Were this the appeal of the plaintiff, we should hesitate to say, without argument and deliberation, that the defendant might ignore the district attorney, whose official duty it is to advise and act in such cases, and shield himself behind the advice of any private counsel he may see fit to consult. However, we do not decide this point.

Certain instructions to the jury were proposed on behalf of

the defendant, which the court refused to give. We are of the opinion that the charge of the court to the jury covered the whole case, and included all that could properly have been given of the proposed instructions.

4. The views above expressed dispose of the grounds upon which the motions for a nonsuit and new trial were based (except the claim on the latter motion that the damages were excessive), adversely to those motions.

On the question of damages, it is enough to say that, under the testimony, the jury may have found, and probably did find, that the criminal prosecution complained of greatly injured Rosina's health and rendered her insane, besides creating a predisposition to mental aberration. This was and is a great personal calamity, and would of itself uphold a verdict for very considerable damages, even were the plaintiff's recovery limited to actual or compensatory damages. But when, in addition to this, we consider that the jury were authorized to give exemplary damages also, we are quite unable to say that a verdict for three thousand dollars damages is excessive. Under all of the circumstances of the case, we do not feel authorized to disturb the judgment on that ground.

Finding no material error in this record of which the defendant can justly complain, we must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.