## STATE *v.* JOHN McCONE.

*Criminal Law.   Pleading.   Perjury.   Voter.*

An indictment charging the respondent with perjury committed before the board of civil authority in his attempt to get his name placed on the check-list of voters, is fatally defective if the jurisdiction of the board is not set forth with certainty; and if it is not alleged that he was not legally entitled to vote, nor to have his name on the list; thus, where the allegations were that the board was in session to hear challenges to the qualifications of persons whose names were on the list, and all alterations to be made in the list, and that the respondent appeared and requested to have his name *added* to the list, it *was held* that there was no sufficient allegation that the board had authority.

INDICTMENT for perjury.  Heard on demurrer, September Term, 1884, Essex County, Ross, J., presiding.  Demurrer *pro forma* overruled.

It was alleged in the indictment that the selectmen of Brighton, on the petition of twenty legal voters, made, on August 1, 1880, an alphabetal list of the names of all persons legally qualified to vote in said town; that the board of civil authority appointed the 6th day of September, 1880, " as a day for said board of civil authority to sit, hear, and determine challenges to the qualifications of persons whose names were then and there on said list." * * * " That at a meeting of said board * * * at Brighton * * * on said 6th day * * * for the purpose of hearing and determining challenges to the qualifications of the persons whose names were then and there on said list, and all alterations to be made in said list, said meeting being then and there held in pursuance of the appointment above set forth, and the laws of this State, said board being then and there legally constituted and organized to hear and determine all alterations to be made in said list, John McCone, etc., on, etc.   * * *   appeared before said board and requested that his, said John McCone's,

name should be included in said list; whereupon, before his name was placed in said list, he was challenged, etc.,   *   *   * he was then and there duly sworn, and did take his corporal oath, etc.,   *   *   *   did then and there falsely, willfully, etc., swear," etc.

In the second count it was alleged that McCone appeared before the board and requested that his name "be added to and inserted in said check-list."

*F. D. Hale, State's Attorney,* for the State.

This indictment is founded on section 4304, R. L. The jurisdiction is properly stated; and the indictment is sufficient. 2 Whar. Prec. Ind. 559; *State* v. *Chamberlain,* 30 Vt. 539; *Cambell* v. *People,* 8 Wend. 636; Arch. Cr. Prac. p. 1731.

*Z. M. Mansur* and *Geo. N. Dale,* for the respondent.

It does not appear that the respondent's evidence was material. What was the issue? None is stated. Nothing is alleged to relieve the proceeding from a mere idle performance. It is not alleged that the respondent was not a legal voter, or that he was not entitled to have his name on the list. It is stated that the board appointed a meeting for one purpose, namely, to determine the qualifications of those whose names were on the list; that a meeting was held for another purpose, namely, "to determine all *alterations*"; and that McCone appeared before the board for a still further purpose, "to have his name included in said list."

The opinion of the court was delivered by

Ross, J. The contention is whether the indictment is legally sufficient when encountered by a demurrer. It is in two counts, and charges, or attempts to charge, the respondent with the commission of the crime of perjury before the board of the civil authority of the town of Brighton. The respondent's counsel claim that it is legally insufficient in many respects. It will be necessary to notice only a few of the claimed

insufficiencies. It is not alleged in either count that the board of civil authority was constituted, or had authority, to make additions to the check-list at the session being held. It is alleged that the board was constituted and in session to hear and determine challenges to the qualifications of persons whose names were then on the check-list, and all alterations to be made in the list. If by the term alterations in, is meant additions to, the check-list, such meaning can only be gathered by inference. There is no sufficient allegation that the board had authority to add the names of persons to those then on the list. It is alleged that the respondent appeared before the board and requested to have his name added to, and inserted or included in, the check-list. It was upon this request that it is alleged the hearing was had and perjury committed, a subject over which it is not directly, and at least but inferentially, alleged that the board of civil authority had jurisdiction. The jurisdiction of the board in the matter, being special, should be set forth with certainty. It may be inferentially gathered from the entire indictment that the material question as respects the respondent, for trial by the board, was his right to vote in the then coming freemen's meeting in the town of Brighton; but no such allegation is to be found in either count of the indictment. This was the right which conferred the right to have his name placed on the check-list of the legal voters of the town. It was only with reference to this right that the alleged false testimony was material. Without a proper allegation that the respondent's right to vote in the then coming freemen's meeting was the material question to be determined by the board of civil authority, and that the board was duly constituted and had jurisdiction of this question, the alleged false testimony given by the respondent has no materiality, and cannot support a conviction for perjury. There is no allegation in either count that the respondent was not legally entitled to vote in the then coming freemen's meeting in the town of Brighton, and none that he was not legally entitled to have his name placed on the check list. Without considering the other

defects claimed to be found in the indictment, those specified render the indictment fatally defective.

The respondent's exceptions to the *pro forma* judgment of the County Court are sustained, the judgment overruling the demurrer reversed, and judgment rendered that the demurrer is sustained, the indictment adjudged insufficient and quashed, and the respondent discharged.