## THE STATE VS. LLOYD.

*October 1 — October 14, 1890.*

*Criminal law and pleading: Perjury.*⸣

1. Where the statute requires an affidavit to state *the facts showing* that the affiant was not, at the completion of the registry, a qualified elector but has since become such, perjury cannot be assigned upon an affidavit stating merely that he was not at said time a qualified elector and that he has since become such.

2. An information charging perjury in the making of an affidavit should show that such affidavit was intended to be used in or was material to some judicial proceeding or inquiry before some officer having cognizance thereof.

EXCEPTIONS from the Circuit Court for *Dane* County. The case is sufficiently stated in the opinion.

For the defendant there was a brief by *H. E. Briggs,* attorney, and *H. M. Lewis,* of counsel, and oral argument by *Mr. Briggs.* They contended, *inter alia,* that the affidavit upon which the charge of perjury was based was wholly ineffective because it failed to set forth the facts as required by the statute under which it was made. Perjury cannot be assigned upon immaterial statements. *Plath v. Braunsdorff,* 40 Wis. 107; 2 Bish. Crim. Law (6th ed.), sec. 1030. Nor upon a legal conclusion. *State v. Henderson,* 90 Ind. 406. Nor upon an affidavit, where the same was of no legal effect, or where the words alleged to be false therein were not required by law. *State v. Hobbs,* 40 N. H. 229; *Gibson v. State,* 44 Ala. 17; *Hood v. State,* id. 81; *Hembree v. State,* 52 Ga. 242; *U. S. v. Howard,* 37 Fed. Rep. 668; *Billings v. Noble,* 75 Wis. 325; *Miller v. Munson,* 34 id. 579; *Goodyear Rubber Co. v. Knapp,* 61 id. 103. The information was insufficient because it failed to show that the affidavit upon which perjury was assigned was intended to be used in a judicial proceeding. *State v. McCone,* 59 Vt. 117; *People v. Fox,* 25 Mich. 492; *State v. Lamont,* 2 Wis.

438; *People v. Gaige*, 26 Mich. 30; *U. S. v. Robinson*, 23 N. W. Rep. (Dak.), 90; *State v. Peters*, 57 Vt. 86; *Jacobs v. State*, 4 Am. Cr. Rep. 465; *S. C.* 61 Ala. 448; *State v. Wood*, 110 Ind. 82; *State v. Reynolds*, 108 id. 353; *State v. Street*, 3 Am. Dec. 682; *S. C.* 1 Murph. (N. C.), 156; *State v. Beard*, 25 N. J. Law, 384.

For the state there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by *Mr. Luse*.

ORTON, J. The information in this case attempts to charge the defendant with the crime of perjury in making a voluntary affidavit, and he was tried, found guilty, and sentenced to the state prison for said offense. Motions in arrest and for a new trial were overruled. The defendant alleged exceptions, which were duly allowed by the judge of the court, under sec. 4720, R. S.

We find the following material errors involved, substantially, in the first three of said exceptions: (1) The affidavit on which perjury is assigned is not in compliance with the statute. (2) The information fails to state that the affidavit was made to be used in and material to any judicial proceeding, or to be used in and material to any proceeding in which it was required by law.

The affidavit on which the information is founded, and in which it is copied, is as follows: " That he did not appear before the board of registry of the Fifth ward, Madison, state of Wisconsin, on the last day of their meeting for completing the registry of electors for said election district, for the reason that he was not then a qualified elector in said election district on account of — not in town — business, but that he has, since the said completion of said registry, become a qualified elector of said district, by reason of being a qualified voter, and that he now resides at 620 University avenue." The oath was taken before Henry

Kessenich, notary public, Dane county, on the 2d day of November, 1886. The statute requiring an affidavit in such a case (sec. 24, R. S.) is as follows: "But in case any one shall, after the last day for completing such registry and before such election, become a qualified voter of the election district, he shall have the same right to vote therein at such election as if his name had been duly registered: provided, he shall, at the time he offers to vote, deliver to the inspectors his affidavit, *in which he shall state the facts showing* that he has, since the completion of such registry, become a qualified elector of such district, *and the facts showing* that he was not such an elector on the day such registry was completed." The italics are not in the statute. The information states that said affidavit became and was material to an inquiry then pending before Henry Kessenich, he being then and there a notary public for the county and state aforesaid.

1. The material defect of this affidavit is apparent. It is not such an affidavit as the statute requires. It states the mere conclusions that he was not then a qualified elector, but that he has since become a qualified elector by reason of being a qualified voter. The statute requires that "he *shall state the facts showing*" both such qualification and disqualification. No such facts are stated in the affidavit. What he has stated in place of such facts is as immaterial as if he had stated nothing. *Plath v. Braunsdorff*, 40 Wis. 107; *Lathrop v. Snyder*, 16 Wis. 293; *Miller v. Munson*, 34 Wis. 579; *Goodyear Rubber Co. v. Knapp*, 61 Wis. 103. The learned counsel of the plaintiff in error has cited in his very able brief many other cases from other states, to which reference may be had. The principle is elementary that in such a case the statute must be strictly pursued or the affidavit is unknown to the law. It was on these *absent* facts that the perjury, if any, should have been assigned. The statute does not require it to be stated that he was not

The State vs. Lloyd.

then and has since become a qualified elector, but the *facts showing* it. The perjury is assigned on what the statute does not require to be stated in the affidavit. The information, therefore, states no crime.

2. The information should state that the affidavit was intended to be used in or was material to some judicial proceeding or inquiry before some officer having cognizance thereof. In this instance the affidavit was no doubt intended to be delivered to the inspectors of election, by which they might determine the defendant's right to vote. *State v. McCone*, 59 Vt. 117; 2 Bish. Crim. Proc. §§ 905–911; *State v. Lamont*, 2 Wis. 438; *People v. Fox*, 25 Mich. 492. See other authorities cited in the brief of the defendant's counsel as to the requisites of such a statement. The information states that " such affidavit became and was, material to an inquiry then pending before Henry Kessenich, he being then and there a notary public," etc. It does not appear that said notary public had anything to do with any inquiry or proceeding whatever, or had anything to do with the affidavit, except to administer the oath to the affiant and attach his jurat thereto. The information is essentially defective in this respect.

For both of the above reasons the court should have arrested the judgment.

There having been no stay of proceedings on the exceptions so allowed, the defendant on conviction was sentenced to and is now in the state prison.

*By the Court.*— The said first three of said exceptions are sustained. The judgment of the circuit court is reversed, and the cause is remanded with direction to vacate and set aside said judgment and discharge the defendant from all custody and imprisonment.