STATE, Respondent, vs. EVANS, Appellant.

*October 14—December 6, 1938.*

*Walter D. Corrigan, Sr.,* and *Wm. H. Churchill,* both of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, Scott K. Lowry,* district attorney of Waukesha county, and *Roland J. Steinle,* assistant district attorney, and oral argument by *Mr. H. H. Persons,* assistant attorney general, and *Mr. Steinle.*

FAIRCHILD, J. The serious question on this appeal is that of determining whether the jury found the defendant guilty only because they were convinced that his testimony before the grand jury concerning the slot machine was in fact false, or whether they found him guilty because they were convinced that he had so testified corruptly and knowingly to cover up the fact that the machine had been placed by Vogt in the tavern of Millen. If the defendant was mistaken as to the fact, or if he overstated the matter in a desire to be emphatic, or if the machine, so far as he knew, was only out of his house for the purpose of being repaired so that he had

nothing to conceal in that respect, then he is innocent of perjury.

The generic conception of perjury does not include all the various species of deceit, nor is a false statement under oath always perjury, *Plath v. Braunsdorff* (1876), 40 Wis. 107, 112; *State v. Lloyd* (1890), 77 Wis. 630, 46 N. W. 898. Perjury is limited to a corrupt and wilful attempt to mislead the investigating tribunal as to a matter properly inquired into. A statement is not perjury if it is not material to the matter under investigation, or if it is misleading only as to a harmless act. The false testimony must be given wilfully and corruptly for the purpose of drawing the curtain over a material fact under investigation, in order to lead the tribunal to a conclusion contrary to the actual fact. Sec. 346.01, Stats., declares that any person, being lawfully required to tell the truth on his oath, who shall wilfully and corruptly swear falsely to any material matter or thing in any cause or proceeding before any court or tribunal created by law, shall be deemed guilty of perjury. *Brown v. State* (1909), 137 Wis. 543, 549, 119 N. W. 338; *In re Carlson* (1922), 176 Wis. 538, 545, 186 N. W. 722.

The indictment charges that Evans appeared before the grand jury, that he was duly sworn as a witness, and that he committed the crime of perjury "in that he did knowingly, falsely, feloniously, wilfully, and corruptly testify, swear, and declare falsely to matters and things material to the matter then under consideration . . . in that he testified falsely in relation to the possession, control and holding by him of a gaming device, commonly known as a slot machine." The indictment further charges that Evans testified in substance that he obtained a gaming device commonly known as a slot machine from the sheriff of Waukesha county, that he took it home and never set it out any place, that the machine had been in his home ever since it was

brought there, that he never gave it to anybody, that it had been in his home at all times. The indictment concludes with an allegation that the testimony was false, known to be false, and that Evans knowingly, falsely, feloniously, wilfully, and corruptly committed wilful and corrupt perjury.

There is no dispute as to Evans having had the slot machine; he admitted having it, and his testimony in that respect, since it was true, furnished no basis for an accusation of perjury; nor was there any dispute as to the manner in which he obtained it. The controversy revolves about the allegation that Evans gave the machine to one Vogt who set it up for use in the tavern of Nick Millen. If the fact was that Evans gave the machine to Vogt intending that it should be "set out" or "put on location" in a tavern or elsewhere, or if Evans had no such intention but knew, when he testified, that Vogt had set it out, then his answer that it had never been out of his house may have been made to protect either himself or Vogt. If so, his testimony would be wilful and corrupt swearing.

But Evans maintains he did not know that his machine had been set up in the Millen tavern. He insists that so far as he knew when he testified before the grand jury, the only reason for the machine being out of his house was that Vogt, who was familiar with the mechanism of slot machines, had promised to repair it. If this explanation is true, Evans ought not to be found guilty of knowingly, wilfully, and corruptly testifying falsely concerning the placing of the slot machine by Anton Vogt in Millen's tavern.

The form of the indictment itself may have contributed to the confusion which arose during the trial. The pleader followed as a precedent the indictment which was held sufficient in *Koehler v. State* (1935), 218 Wis. 75, 260 N. W. 421. But the indictment in that case did not have the unqualified approval of the court, and because of its lack of exactness,

it should not always be followed. Its faultiness as a model is apparent in the present case.

If the indictment against Evans had clearly charged him with wilfully and corruptly and knowingly testifying falsely as to what he knew about the act of Vogt in setting the machine out in a tavern, the court, the jury, and counsel as well would have had their attention fixed upon what should have been the real issue in the trial. The indictment, when thoroughly analyzed, is sufficient to advise the defendant of the crime with which he is charged. It contains the elements necessary for charting the trial and pointing out the real issue, but unfortunately no such analysis seems to have been made, and the result was that the issue was confused by a mixture of fact questions which put the defendant at a disadvantage.

Evans could have been rescued from this confusion of issues by rulings and instructions which would direct the attention of the jury to the real issue, namely, whether Evans testified falsely because he knew about or participated in the act of Vogt in setting the machine out or putting it on location. If Evans was attempting to keep from the jury the fact that his machine had been given to Vogt to be set out, he intended to conceal a material fact, and he might properly have been found guilty of perjury. But he was entitled to the presumption of innocence on this fact question, and could not be found guilty unless the evidence was such as to convince the trial jury of the fact beyond a reasonable doubt.

Several times during the trial the prosecuting attorney offered evidence tending to prove that the machine which Vogt had obtained from Evans was in fact put out on location. Each time objection was made, but the evidence was admitted, subject to objection, upon the promise of the prosecutor that he would later establish that Evans had knowledge of this fact. When Anton Vogt was on the stand he was

asked by the prosecuting attorney, "Will you state whether or not during the time that you had this machine in your possession you placed it anywhere?" Objection was made to this question and the court ruled, "If they can't connect it with the defendant, I will strike it out. You may answer for the present. . . . Objection overruled subject to your connecting it with Judge Evans' knowledge."

Later the same question was again considered and the court said, "As I said, if you promise you can connect that up with Judge Evans' knowledge of it, all right; otherwise, it is immaterial." The particular question was withdrawn, but it was rephrased and in a different form it was answered under the ruling above, Vogt testifying that he had no arrangement with Evans to put the machine out. There are other instances in the record where similar rulings were made.

That the importance of this matter of Evans' knowledge was not fully appreciated on the trial is apparent from the following exchange between the court and the defendant's counsel:

"Mr. Churchill: He is not charged here with knowing where the machine was when it was away from home.

"The Court: I don't know whether he is or not. I think that is inferentially part of it.

"Mr. Churchill: He is charged with the fact that it was away from his home but not charged with any knowledge where it was, who had it, or what use was made of it.

"The Court: He is charged with swearing falsely that it wasn't away from his home, and the fact that he knew where it was is very pertinent and very material. Objection overruled."

At the close of the trial the defense asked the court to strike all the testimony to the effect that the slot machine was in Millen's tavern. This motion was denied. The evidence

of the defendant's knowledge of the fact that the machine had been put out on location may have been sufficient to go to the jury under proper instructions. It then appeared that there was some evidence tending to show the defendant's knowledge that Vogt had the machine for an unlawful purpose, but this evidence was only suffcient to raise an issue of fact for the jury. The trial court could not have intended, it had no right under the evidence to rule as a matter of law that the prosecution had established the fact of guilty knowledge on the part of Evans. But the court's refusal to strike after receiving the evidence subject to the objection necessarily carried the inference that the evidence as to the placing of the machine in Millen's tavern had been connected with the defendant. It was therefore error, amounting to a misdirection of the jury, to submit the case in that form without a proper instruction as to the purpose of that testimony and the issue raised by it.

In his charge to the jury, the learned trial judge adequately defined the crime of perjury and told the jury that the defendant was presumed to be innocent, and that this presumption relates to every essential element of the crime with which the defendant was charged, "and abides with him until it is overcome by legal evidence which establishes his guilt to the satisfaction of your minds beyond a reasonable doubt." But we are of the opinion that the defendant's interests were not adequately protected because the jury was not pointedly told that the crime of perjury could not be established in this case unless the evidence convinced them beyond a reasonable doubt that Evans knew of the act of Vogt in putting the machine on location or knew that he intended to use it in that way.

While exception was not taken to the argument of the prosecuting attorney, we take the liberty of using one statement because it illustrates the confusion which existed as to

the precise charge against which Evans was defending. This argument was as follows:

"You don't have to find every single thing the judge [the defendant] said was false before you can find him guilty under your oaths. If you are satisfied that he testified falsely to one little thing that day that he sat there, then, members of the jury, he is guilty of perjury and ought to be found 'guilty.'"

Upon these considerations we reach the conclusion that because of the uncertainty as to the issue the controlling and vital question was not properly presented and tried. While the general rule is that a verdict in a criminal case should not be set aside if there is credible evidence to sustain it, a new trial may be granted if the case was so presented to the jury that the defendant did not have the benefit of the presumption of innocence on an important and vital issue. The objections based on the rulings as to the admission and rejection of evidence are effectively disposed of by what has been said with respect to the elements of the crime, and no further discussion of those matters is necessary. The sufficiency of the indictment is upheld with some hesitancy. We do not find it necessary to treat with the other assignments of error.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.