LIBERTY LOAN CORPORATION & AFFILIATES, Plaintiff and Appellant, v. EIS, Defendant and Respondent: PRICE ERECTING COMPANY, Garnishee Defendant and Respondent.

*No. 2. Submitted under sec. (Rule) 251.54 June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 617.)

For the appellant the cause was submitted on the briefs of *Roy T. Traynor* of Wausau.

For the garnishee defendant-respondent the cause was submitted on the brief of *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* of Milwaukee, attorneys, and

*James W. Mohr, Jr.* of Milwaukee and *Dale D. Miller* and *Trembath, Hess & Miller, S. C.,* of Wausau, of counsel.

WILKIE, C. J. In this garnishment action, plaintiff appeals from an order reopening a default judgment taken against garnishee defendant Price Erecting Company, dismissing the garnishment action, and imposing a $10 forfeiture on the plaintiff because the garnishee summons and complaint were not served within ten days following the date of service on the principal defendant, contrary to sec. 267.10 (2), Stats. The issues are whether the garnishee defendant had standing to raise sec. 267.10; whether substantial compliance with that statute is sufficient to prevent dismissal of the garnishment action; whether the trial court abused its discretion in reopening the default judgment; and whether a forfeiture should have been imposed on the plaintiffs.

The principal action was an action on a promissory note. The principal defendants, Joe R. and Ann Eis, failed to answer, and a default judgment was granted against them in the amount of $2,639.85 on August 2, 1973.

According to plaintiff, a copy of the garnishment summons and complaint was filed with the clerk of courts of Marathon county on August 8, 1973. The record does not disclose this fact. It does contain a copy of the garnishee summons and complaint which was filed on August 22d. The garnishee summons and complaint were sent to the Milwaukee county sheriff for service and received by the sheriff's office on August 8, 1973. The sheriff served the garnishee defendant Price Erecting Company August 9th. The garnishee summons and complaint were then returned to Marathon county and served upon the principal defendants on August 17th. Neither the garnishee defendant nor the principal defendants answered the garnishment complaint. On August 31, 1973, the garnishment summons and complaint were filed and the county

court granted a default judgment against the garnishee defendant Price Erecting Company in the sum of $2,654.65, representing the amount of the judgment in the principal case plus costs in the garnishment action.

Subsequently, a second garnishment action was commenced against the First Wisconsin National Bank as garnishee defendant, and Price Erecting as principal defendant. This garnishment caught $2,684.65 in a bank account. Thereupon, Price Erecting moved to reopen the garnishment action against it, based on the affidavit of its office manager that he mislaid the garnishment summons and complaint and forgot about them. Price asked for leave to interpose an answer denying any liability to Eis at the time of service of the garnishment summons and complaint. A hearing was held, resulting in the order appealed from. The court found that Price did not establish mistake, surprise, or excusable neglect and denied its motion to interpose an answer. It further found that the plaintiff did not comply with sec. 267.10, Stats., in either garnishment, because the garnishment summons and complaint were not filed in either case within ten days following service on the principal defendant, which was made subsequent to service on the garnishee defendant. Therefore, the court ordered that the default judgment against Price Erecting in the first garnishment action be reopened and the action be dismissed. It also ordered dismissal of the second garnishment action and ordered that the amount paid into court pursuant to that garnishment action be returned to the First Wisconsin National Bank of Milwaukee for deposit to the account of Price Erecting. The order concluded by imposing a forfeiture of $10 on the plaintiff for failure to comply with sec. 267.10.

*Standing of the garnishee defendant to raise sec. 267.10, Stats.*

Under a previous statute providing that a copy of the garnishment papers should be served upon the principal

defendant within the time service was required to be made upon the garnishee, it was held that a garnishee defendant was entitled to raise the fact that service by the principal defendant by publication was not completed until some three weeks after a garnishment action was tried, even though the garnishee defendant had appeared, answered and contested its liability.[1] There is good reason for applying this holding to sec. 267.10, Stats. One of the purposes of the statute is to make sure that a plaintiff does not commence the garnishment action and then file the action only if the garnishee defendant fails to answer or admits liability. The garnishee answer is now taken as true unless the plaintiff joins issue by replying to the answer.[2] The legislative purpose in requiring the plaintiff to contest the garnishee answer would be frustrated if the plaintiff were not required to file the action on or before the time when the garnishee answer became due. It behooves plaintiffs in garnishment actions to make an investigation before serving a garnishment complaint in order to determine whether the prospective garnishee defendant is liable to the principal defendant. The garnishment complaint should be a product, not a tool of that investigation. We hold a garnishee defendant has standing to raise sec. 267.10, Stats.

*Is substantial compliance with the provisions of sec. 267.10, Stats., sufficient to prevent dismissal of the garnishment action?*

It has been held before that substantial compliance with the garnishment statutes is not sufficient, and we adhere to that rule. *Mahrle v. Engle*[3] is the leading case invoking the rule that garnishment is a purely statutory remedy and all the prerequisites for seeking relief must

---

[1] *State ex rel. Chicago & Northwestern Ry. Co. v. Pauli* (1905), 126 Wis. 65, 104 N. W. 1007.

[2] Sec. 267.14, Stats.

[3] (1952), 261 Wis. 485, 53 N. W. 2d 176.

be strictly complied with. In that case the statute provided service upon the principal defendant must be made within ten days of service on the garnishee, or else service on the garnishee was void. The principal defendant died one day after the garnishee defendant was served. The sheriff's return of service stated that he had been unable to find the principal defendant within the county. The garnishment action was dismissed on the ground that there was no provision of the statute excusing service on the principal defendant within ten days after the garnishee defendant was served which was applicable. The ten-day service provision was excused in the event it was shown that service on the principal defendant could not be made "within the state." The return of service was held inadequate because it only specified that the principal defendant could not be found within the county. This court ordered the garnishment action dismissed. This case stands for the proposition that substantial compliance with statutory prerequisites in garnishment is not enough. There must be strict compliance. Therefore, because the garnishment summons and complaint were filed more than ten days after service on the principal defendants, who were the last served, the trial court should have dismissed the action under sec. 267.10 (3), Stats., rather than granting plaintiff's motion for default judgment on August 31, 1973.

### *Did the trial court abuse its discretion in reopening the default judgment?*

The garnishee defendant argues that the plaintiff's failure to file the garnishee summons and complaint within the statutory time limit deprived the trial court of jurisdiction from the beginning, and the judgment was therefore void. Prior to the enactment of the new garnishment chapter,[4] sec. 267.06, Stats. 1963, provided that

---

[4] Ch. 507, Laws of 1965.

a failure to make service as required under the chapter rendered service on the garnishee void. *Mahrle v. Engle, supra,* held that this voiding related back to the original service on the garnishee. Therefore, even though the garnishee had answered, he was permitted to withdraw his answer and the action was dismissed when the statutory requirements had not been strictly complied with. Sec. 267.07 now provides that unless the principal defendant is given notice or is served with a copy of the garnishee summons and complaint within ten days after service on the garnishee, "the garnishee action shall be dismissed." The statute no longer provides that a failure of service upon the principal defendant renders service on the garnishee defendant void. The change in language is significant. We hold that any judgment rendered when the statutory prerequisites have not been met is erroneous, but that error is not jurisdictional and the judgment cannot be collaterally attacked.

The filing requirement of sec. 267.10, Stats., is new, and has no parallel in the prior law. It is provided in sec. 267.10 (3) that failure to comply with the filing requirements of the section requires dismissal. As with sec. 267.07, this language does not deprive the trial court of jurisdiction. It makes no difference in this case, because the attack on the judgment was direct, and was made within the sixty-day period for review of judgments and orders.[5] Since the judgment was clearly erroneous the trial court did not abuse its discretion in setting the judgment aside and dismissing the action.

*Should a forfeiture have been imposed
against the plaintiff?*

There remains the question of the forfeiture imposed under sec. 267.24, Stats. The statute provides that a creditor who violates sec. 267.10, among others, shall for-

---

[5] Sec. 269.46 (3), Stats.

feit not more than $100 to the county treasurer, and that the court in the garnishment action has summary jurisdiction. Plaintiff challenges the summary nature of the forfeiture proceeding on the grounds of due process. However, it is not necessary to go this far. A law providing for a forfeiture is a penal law. Where its purpose is uncertain the language should be read strictly to soften its severity. Otherwise the result would be unreasonably harsh.[6] In the *Boynton Cab Co. Case* the term "misconduct" as used in the unemployment compensation law was construed to mean wanton and wilful actions. We hold that the penalty provided by sec. 267.24 is not applicable unless the creditor's violation is wanton or wilful. It appears in this case the violation was only inadvertent. Therefore, the $10 forfeiture may not stand.

*By the Court.*—Order modified to delete $10 forfeiture imposed upon the plaintiff. As modified, the order is affirmed. Costs awarded to the respondent.

---

[6] *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N. W. 636.