STATE, Respondent, v. DEVITT, Appellant.†

*No. 76–228–CR.  Argued December 1, 1977.—*
*Decided February 7, 1978.*
(Also reported in 262 N.W.2d 73.)

† Motion for rehearing denied, without costs, on April 21, 1978.

For the appellant there were briefs by *Michael O. Bohren, Thomas L. Frenn, J. Timothy Gratz, Moses J. Zimmermann,* and oral argument by *James R. Glover,* all of Milwaukee.

For the respondent the cause was argued by *Wm. L. Gansner,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C. J.  In the early months of 1974 the defendant, James C. Devitt, then a state senator, sought the Republican party endorsement to become a candidate for the office of governor. He was unsuccessful in his attempt to get the party endorsement and did not become a candidate for the nomination at the primary election to be held in September.

On July 9, 1974, a committee supporting Devitt's effort to get the party endorsement, known as "Friends of Senator Jim Devitt," filed a financial statement with the secretary of state. Attached to the statement was a list of receipts and disbursements in chronological order.

On July 23, 1976, the complaint against Devitt was filed. It alleges that the statement falsely sets forth that eleven separate persons donated various amounts on May 24, 1974; that these eleven donations total $5,000; and that this $5,000 was in fact donated by George Dreske. The complaint also alleges that Dreske paid a debt in the amount of $2,500 owed by the committee to a Milwaukee restaurant and that neither the receipt nor the disbursement was reported in the July 9, 1974 statement.

It is this financial statement that is the basis for the conviction on Count I. The statement was not signed nor filed by Devitt. In fact Devitt told John Henry, the Secretary-Treasurer of the "Friends of Senator Jim Devitt," that it was not necessary to file a financial statement and not to do so. He later acquiesced when Henry insisted that a statement be filed. The statement was signed by Henry in the presence of a notary public. Devitt was charged as being a party to the crime of false swearing. Dreske was also charged but the complaint against him was later dismissed.

The second count of false swearing arose out of a John Doe investigation in which Devitt admitted receiving a substantial sum from Dreske but did not acknowledge a figure of exactly $5,000. The following exchange prompted the charge:

"Q. Did you know it was $5,000?
"A. I did not know exactly how much it was."

The original information charged misdemeanor false swearing, sec. 946.32 (2), Stats., on the financial statement, and perjury, sec. 946.31 (1) (c) on the John Doe testimony. On September 16, 1976, the district attorney filed an amended information which resulted in the two felony false swearing charges.

At trial it was established that the eleven donors had, in fact, never given such sums to the Devitt campaign and that George Dreske or another had told them that their names had been used as donors. It was shown that the $5,000 came from Dreske. Originally no list of donors was provided. When John Henry pointed this out to Devitt, he suggested that Henry find names and spread the sum among them. Henry later received a list of eleven names. The testimony also indicated that Devitt had obtained the list from George Dreske.

Aside from the denial of donations by the eleven and Henry's claim that Devitt told him to get a list of the

donors, critical evidence pointing out the Devitt-Dreske involvement was presented by Ross MacDonald, a Dreske associate. Both Henry and a Devitt campaign worker, Lynda Giller Thornton, testified that Devitt knew the donation was exactly $5,000 or at least had referred to the sum as $5,000.

As noted above, there was also evidence that Dreske paid a debt owed by the "Friends of Senator Jim Devitt" to a Milwaukee nightclub which was not reported. This payment is not at issue on this appeal.

After the convictions the trial court, on October 21, 1976, removed Devitt from his office as state senator pursuant to Art. XIII, secs. 3 and 10 of the Wisconsin Constitution, and secs. 17.03 (5) and 17.17 (3), Stats.

The sufficiency of the evidence, *per se,* is not at issue.

Devitt's principal challenge to the conviction on Count I, being a party to the crime of false swearing on the financial statement, is that the filing of a sworn statement was neither required nor authorized by law and therefore not a violation of the felony false swearing statute.

The statute is as follows:

"946.32 *False swearing.* (1) Whoever does either of the following may be fined not more than $1,000 or imprisoned not more than 3 years or both:

"(a) Under oath or affirmation makes or subscribes a false statement which he does not believe is true, when such oath or affirmation is authorized or required by law or is required by any public officer or governmental agency as a prerequisite to such officer or agency taking some official action."

From the terms of the statute it is apparent that Devitt could not be convicted of the felony statute if the financial statement was neither required nor authorized by law. It is noteworthy that the original charge was

misdemeanor false swearing,[1] which does not provide that the false statement be required or authorized by law. We have no hesitancy in stating that a jury could have found Devitt guilty as a party to the crime of false swearing under the misdemeanor section based upon the proof in the record.

The question here is whether the financial statement signed, sworn to and filed by John Henry was required or authorized by law.

The State concedes that the statement was not required by sec. 12.09, Stats. 1971. This statute is part of the Corrupt Practice Act and was applicable at the time the filing took place. The legislature has since repealed the act and created the present chapters 11 and 12 to replace it.

The crucial language pertinent to this case is contained in sec. 12.09 (5) (b) :

*"Receipts and disbursements by candidates and committees. . . .*

"(b) Such corporations, associations, organizations, committees, clubs or groups shall also file with the secretary of state, county clerk or local clerk, as the case may be, a verified statement setting forth in detail the names and amounts of all contributors of over $5 to any fund raised or money expended for the political purposes mentioned in par. (a), and the total of all contributions for such purposes, whether $5 or less, together with an itemized statement of all expenditures and all liabilities incurred. Such statements shall be filed on the Tuesday preceding any primary or election in which such corporation, association, organization, committee, club or group has made any expenditures or received any contributions for political purposes, and a final statement shall be filed within 2 weeks after such primary or election. A similar statement shall be filed on the 2nd

---

[1] "946.32 (2) Whoever under oath or affirmation makes or subscribes a false statement which he does not believe is true may be fined not more than $200 or imprisoned not more than 6 months or both."

Tuesday in July of each year, if expenditures have been made or liabilities incurred for political purposes since the filing of the last preceding statement aggregating $500 or more."

The statute requires that a statement be filed both before and after a primary or election in which the committee, organization or whatever has "made any expenditures or received any contributions for political purposes." Although Devitt sought his party endorsement for the Republican nomination, neither he nor "Friends of Senator Jim Devitt" made expenditures or received contributions for a nominating primary or election.

The State does not argue that because a partisan endorsement for nomination can have a substantial effect upon a primary, Devitt's expenditures in pursuit of the partisan endorsement fall under sec. 12.09(5) (b), Stats. Such an interpretation would violate the plain meaning rule of sec. 990.01(1).

Although the "Friends of Senator Jim Devitt" was engaged in some unfinished details after the convention, there was no additional major fund-raising effort; nor any effort to have Devitt become a candidate for nomination without endorsement.

The statement which the Friends filed was filed on July 9, 1974. This was the second Tuesday of July. John Henry, secretary-treasurer of Friends, apparently believed that Friends had to file under the language of sec. 12.09(5) (b), Stats., which states that a filing shall be made on the second Tuesday of July of each year if expenditures or liabilities had been incurred for political purposes since the last preceding statement aggregating $500 or more. However, no preceding statement had ever been filed by Friends, and Devitt never became a viable candidate.

At trial Henry stated that he filed because he had been directed to do so. Who directed Henry to file was never

shown but it certainly was not Devitt. In fact, the record shows that Devitt urged Henry not to file.

Because Friends was not required to file, the crux of this problem is whether it was authorized by law to file so as to bring the false statement under the terms of the felony false swearing statute. Both parties present very meager authority to support their positions. This is understandable—there are no significant authorities which might dispose of this issue easily.

The State did not present anything more convincing than a *res ipsa loquitur* type of argument. The fact that Friends filed on the second Tuesday of July indicates that the filing was authorized. With a like argument Devitt contends that if the filing was not required neither was it authorized.

However, what little legal support there is for either party lies with Devitt. Because the false swearing statute is a penal statute it must be strictly construed in favor of the accused.[2]

The State responds that the rule favoring strict construction of penal statutes does not, however, command that a statute be given its narrowest possible construction where to do so would be inconsistent with the manifest intent of the legislature. This is both correct and reasonable. The problem is that the intent of the legislature on this question is not manifest.

The aim of the Corrupt Practice Act was "to require the aspirant for office to resort to honest means to get it." *State ex rel. Schumacher v. Markham,* 160 Wis. 431, 437, 152 N.W. 161 (1915). The Act was also intended to place some restraints on the influence of large donors; to

---

[2] *Liberty Loan Corp. & Affiliates v. Eis,* 69 Wis.2d 642, 649, 230 N.W.2d 617 (1975); *Capt. Soma Boat Line, Inc. v. Wisconsin Dells,* 56 Wis.2d 838, 845, 203 N.W.2d 369 (1973).

free the candidate from accepting support in return for promises of special consideration to the large donor. *State ex rel. La Follette v. Kohler,* 200 Wis. 518, 565, 228 N.W. 895 (1930). But these general statements of purpose do not support the State's claim that Devitt's filing was authorized by law.

Black's Law Dictionary, 4th ed., p. 169, indicates that "authorize" means more than consistent with the general scheme. Among its definitions: "To empower; to give a right or authority to act. . . It has a mandatory effect or meaning, implying a direction to act. Authorized is sometimes construed as equivalent to directed." Given the fact that "authorized by law" must here be narrowly construed in light of a penal statute, the definition of "permitted" is inappropriate.

The felony false swearing statute is a statute of general application that can apply to a multitude of situations. There are instances where the filing of a sworn statement can be authorized by law but not required by law, such as an affidavit in support of a motion in a legal proceeding, or an affidavit or statement in support of an application for various forms of license. In these and like instances the sworn statement is not required but is authorized and designed to favorably influence the position of the person offering the statement. The purpose of the Corrupt Practice Act, as it was at the time in question, was not to authorize the filing of the financial statement but to require it to be done when an individual was a candidate for a nomination or election. If he was not required to do so, as the parties agree, the inadvertent filing should not subject him to a felony conviction.

The State contends that to accept Devitt's claim that the filing was not authorized would immunize a clear case of false swearing. We do not believe this to be the case. This is not a wrong without a remedy. The mis-

demeanor false swearing statute, sec. 946.32(2), would clearly apply in this case because it has no requirement that the false statement be made under oath or affirmation required or authorized by law. The original information charged a violation of the misdemeanor false swearing statute but it was later amended to felony false swearing. As stated above, the proof in the record would sustain a conviction of false swearing under sec. 946.32(2), Stats., but not under sec. 946.32(1)(a).

Because we have concluded the judgment based upon a conviction of Count I, the felony false swearing, cannot be sustained we do not reach the trial court errors as alleged by the defendant Devitt.

Devitt also contends that Count II must be dismissed because false swearing only applies to written statements. Therefore he argues that the false swearing conviction arising out of the John Doe investigation has no basis.

In support of this Devitt points out that while the perjury statute, sec. 946.31, applies only to oral statements made in judicial proceedings, the false swearing statute, sec. 946.32, applies where one "makes or subscribes" a false statement. He also notes that earlier versions of the false swearing and perjury statutes both used the word "depose," but then when these statutes were amended, "depose" was dropped and perjury became specifically an oral statement while false swearing became a false statement which one makes or subscribes.

Both parties agree that "subscribes" refers to signing a written statement. The question here is the meaning of the word "makes." Devitt asserts that "makes" means to prepare or draw up a writing and cites Black's Law Dictionary, 4th ed., p. 1107. The State contends that "makes" is a more general term which generally means to bring anything, by any manner, into existence. Web-

ster's Third International Dictionary (1961), p. 1363, shows that this is also correct.

The State contends and we agree that the intended meaning can be seen if one examines the perjury and false swearing statutes as a scale declining in severity. Perjury is the most serious crime, with the highest penalties and, accordingly, the most restricted, requiring a false, oral, material statement in a judicial proceeding. Felony false swearing has no materiality or judicial proceeding requirement, but the statement must be under an oath or affirmation authorized or required by law. Finally, misdemeanor false swearing covers any false statement under oath or affirmation. Thus, while false swearing alone cannot be perjury, perjury can be false swearing.[3]

The conviction of Count II is based on the following question and answer:

"Q. Did you know it was $5,000?
"A. I did not know exactly how much it was."

The State contends that Devitt in fact knew that the sum received from Dreske was exactly $5,000 and thus violated the false swearing statute, sec. 946.32(1).

Devitt argues: (1) That the statement was true, and (2) that the State must show that the response was a corrupt and wilful attempt to mislead the tribunal to sustain the conviction.

Devitt's first argument is based on *Bronston v. United States*, 409 U.S. 352 (1973). That case held that for a statement to be perjurious it must be both responsive and untrue. Here is the *Bronston* exchange:

"Q. Do you have any accounts in Swiss banks, Mr. Bronston?

---

[3] *State v. Crowder*, 146 W. Va. 810, 123 S.E.2d 42, 53 (1961).

"A. No, Sir.
"Q. Have you ever?
"A. The company had an account there for about six months, in Zurich." 409 U.S. at 354

It turned out that Bronston had had an account in Switzerland some years before but the court held that he could not be held a perjurer because his answer to the second question, although unresponsive, was true. There was no perjury even if the intent was to mislead. On this subject *see* Annot. 69 A.L.R.3d 993.

The case at hand is not like *Bronston*. Devitt's answer was responsive, not evasive. Thus the only question involved is truthfulness.

The State asserts that Devitt's answer was both responsive and false. It was clearly responsive. And it also appears to be false. The evidence shows that Devitt knew the sum was $5,000, or at least that there was enough evidence that he knew to convince a jury beyond a reasonable doubt of that fact. The secretary-treasurer of the "Friends of Senator Jim Devitt," John Henry, testified that he discussed the contribution with Devitt and that Devitt said it was $5,000 in those words. Henry also testified that this was the only $5,000 contribution received by Friends.

Lynda Giller Thornton, a full-time worker for Friends, testified that Devitt had referred to the sum as $5,000 and that she counted the money in Devitt's presence. At the time she testified at the preliminary hearing she did not remember counting the money, but remembered it shortly thereafter and volunteered the information to the district attorney.

The testimony of John Henry and Lynda Giller Thornton was not incredible and the jury could have concluded that Devitt in fact knew that the amount was exactly $5,000.

Devitt's second argument on this charge is that the State was required and failed to establish that the answer was given with a corrupt and wilful intent to mislead. He cites *State v. Evans,* 229 Wis. 405, 409, 282 N.W. 555 (1938). The State correctly responds that *Evans* is distinguishable because it is a perjury case.

The critical passage in *Evans* states:

"The generic conception of perjury does not include all the various species of deceit, nor is a false statement under oath always perjury. *Plath v. Braunsdorff* (1876), 40 Wis. 107, 112; *State v. Lloyd* (1890), 77 Wis. 630, 46 N.W. 898. Perjury is limited to a corrupt and wilful attempt to mislead the investigating tribunal as to a matter properly inquired into. A statement is not perjury if it is not material to the matter under investigation, or if it is misleading only as to a harmless act. The false testimony must be given wilfully and corruptly for the purpose of drawing the curtain over a material fact under investigation, in order to lead the tribunal to a conclusion contrary to the actual fact." 229 Wis. at 409

From the context of this passage it is clear that the corrupt and wilful intent requirement is intimately related to the materiality requirement. Materiality is not required under the false swearing statute.

Devitt argues that a reading of *Plath* and *Lloyd*, the cases cited in the *Evans* quotation, indicates that the corrupt and wilful intent is separate and distinct from the requirement of materiality. Those cases are perjury cases which deal with the issue of materiality. They support the State, not Devitt. *Evans* is not authority for requiring a corrupt and wilful intent in false swearing.

Although the single response to the question—"I did not know exactly how much it was," is quite trivial in view of Devitt's extensive examination in the John Doe proceeding, we are of the opinion the conviction must be sustained. We have concluded as a matter of law that an

oral statement in a judicial proceeding can be the basis for a false swearing prosecution and, further, that the evidence was sufficient to sustain the jury's obvious finding that the answer was false.

In the supplemental brief filed on behalf of the defendant, he contends that the trial court erred in refusing to grant a motion to sever the two counts.

The motion for severance, as it appears in the record, is not well articulated and apparently was made conditionally upon the offer of subsequent evidence directed primarily to the charge in Count I.

From our review of the record it has not been demonstrated that the defendant was prejudiced by the failure to grant a motion to sever, if in fact one was made. The evidence introduced to show that the financial statement prepared by Henry was false, was material and probative to prove the falsity of the questioned answer given at the John Doe investigation. We find no error or abuse of discretion in the trial court's failure to grant the motion and severance.

*By the Court.*—The judgment as to Count I of the information is reversed; the judgment of conviction and sentence as to Count II of the information is affirmed.

CALLOW, J., took no part.