STATE of Wisconsin, Plaintiff-Respondent,

v.

James WILLIAMS, Defendant-Appellant. [Case No. 93–0505–CR.]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Theresa WILLIAMS, Defendant-Appellant. [Case No. 93–0506–CR.]

Court of Appeals

*Nos. 93–0505–CR, 93–0506–CR. Submitted on briefs August 9, 1993.—Decided August 31, 1993.*

(Also reported in 505 N.W.2d 468.)

For the defendant-appellant, James Williams, the cause was submitted on the briefs of *Paul J. Lenz* of Altoona.

For the defendant-appellant, Theresa Williams, the cause was submitted on the briefs of *James B. Connell* of *Crooks, Low & Connell, S.C.*, of Wausau.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Juan B. Colas*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. James and Theresa Williams appeal[1] judgments convicting them each of several counts of medical assistance fraud in violation of sec. 49.49(1)(a)1, Stats., and orders denying their postconviction motions. They each assert a variety of trial court errors, many of which the state concedes have merit, although the state argues that the errors were

---

[1] These appeals were consolidated pursuant to the court's August 9, 1993 order.

harmless.[2] Because the trial court's erroneous preclusion of evidence relevant to an element of the offense requires reversal of the convictions, we reverse the judgments and orders without reaching the other allegations of error that the state concedes.

The state charged James with sixteen counts and Theresa with fifty-seven counts of medical assistance fraud based on applications for reimbursement for health services provided to two of their children from November 1987 through December 1988. Fourteen counts against the Williams related to the time period during which James was employed as a home health care aide with Community Health Resources (CHR), a Wausau-based business that provides home health care for persons eligible for medical assistance. The other counts related to the time period during which Cynthia Erickson, employed by CHR as a home health aide, provided home health care services to the Williams' son. Essentially, the bases of the charges are that the Williams made or caused to be made statements on claims for payment submitted to Medicaid asserting that patient services were provided on cer-

---

[2] The state concedes that the trial court erred by: (1) Allowing each side six peremptory challenges instead of four as required by sec. 972.03, Stats.; (2) precluding the Williamses from cross-examining a prosecution witness concerning her alleged criminal conduct; (3) admitting evidence of the Williams' other "bad acts"; (4) failing to instruct the jury to determine whether Theresa was a provider within the meaning of sec. 49.49(1)(a); and (5) sentencing the Williamses as felons. Additionally, because the state concedes that the Williamses should not have been sentenced as felons, we need not address the issues concerning their entitlement to instructions concerning a lesser-included defense.

tain dates when, in fact, no services were provided on those dates.

Theresa's counsel, in his opening statement, told the jury that the evidence would show that the total number of hours billed through CHR for reimbursement by Medicaid were actually worked, although the hours were not necessarily worked on the dates indicated. Upon objection by the district attorney, the court held an in-chambers conference regarding this defense. The Williams submitted an offer of proof that CHR had a policy prohibiting employes from recording more than eight hours employment per day. The offer of proof asserted that CHR instructed employes who were required to care for the Williams' son for twenty-four consecutive hours to bill in eight-hour increments. For example, one employe who cared for the Williams' son for twenty-four consecutive hours billed eight hours on each of three days rather than twenty-four hours on one day. The Williams contend that the total number of hours billed and reflected on the Medicaid reimbursement applications was accurate. The Williams argue that because the amount of Medicaid reimbursement is based on the total hours worked and not the dates on which those hours were worked, the false statements were not material to the amount of medical assistance benefits received.

The trial court concluded that the offer of proof did not demonstrate a defense to medical assistance fraud and excluded the evidence as irrelevant. After an eleven-day trial, the jury convicted James of eleven counts and Theresa of fifty-two counts of medical assistance fraud.

Evidence is relevant if it tends to make the existence of any fact that is of consequence to the

86

determination of the action more or less probable. Section 904.01, Stats. "A trial court's decision to admit or exclude evidence is a discretionary determination that will not be upset on appeal if it has 'a reasonable basis' and was made 'in accordance with accepted legal standards and in accordance with the facts of record.' " *State v. Jenkins*, 168 Wis. 2d 175, 186, 483 N.W.2d 262, 265 (Ct. App. 1992) (citation omitted). Essentially, the Williams contend that the trial court erred by excluding this evidence because it is relevant to the issue whether the false statement was *material*.

■

Materiality is an element of medical assistance fraud. Section 49.49(1)(a)1, Stats., prohibits persons from "[k]nowingly and wilfully mak[ing] or caus[ing] to be made any false statement or representation of a material fact in any application for any [medical assistance] benefit or payment." The statute's plain language requires that the false statement of fact be material. At issue here is whether the Williams made false statements of facts that were material. The Williams' proffered evidence was intended to demonstrate that the false statements did not affect the amount of medical assistance benefits or payments. The evidence concerning the total hours worked and the billing procedures that led to the allotment of service hours to days on which the services were not performed is directly relevant to the materiality of the Williams' alleged false statements of the dates on which the services were provided.

■

If the false statements did not affect the amount of benefits or payments made, an issue of materiality is raised. If the statements had no legal effect, the court could determine as a matter of law that the false state-

ments were not material. At the very least, the jury should be given the opportunity to determine whether the false statements were material based upon the evidence concerning the legal effect of the statements. We therefore conclude that the trial court erroneously exercised its discretion by excluding evidence relevant to an element of the charged offense. Because this issue is dispositive, we reverse the judgments and orders.

The Williams raise several other issues on appeal that are likely to recur upon retrial. Therefore, in the interest of judicial economy, we will address those issues.

First, the Williams raise several issues related to the interpretation and application of sec. 49.49(1)(a)1, Stats. These issues are all resolved by an examination of the plain language of the statute. Because the statute is unambiguous, we need not resort to extrinsic aids. *See State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987).

The Williams contend that the state must prove that they intended to procure medical assistance payments or benefits for themselves through their false statements. Section 49.49(1)(a)1, Stats., prohibits persons from "knowingly and wilfully mak[ing] or caus[ing] to be made any false statement or representation of a material fact in any application for any [medical assistance] benefit or payment." Our supreme court has held that "wilfully" has the same meaning as "intentionally." *State v. Cissell*, 127 Wis. 2d 205, 211-12, 378 N.W.2d 691, 694 (1985). Thus, the state must show that the Williams intentionally made a false statement on an application for a medical assistance benefit or payment. The statute's plain language does

not require defendants to intend to obtain or receive medical assistance benefits or payments for themselves. Rather, the statute requires an intent to make or cause to be made a false statement. The statute's additional requirements, that the false statement must be made on an application for a medical assistance benefit or payment and must be material, do not concern the requisite state of mind. We therefore conclude that the only state of mind required is the intentional making or causing the making of a false statement.

However, the statute does not require the state to prove that anyone actually received a medical assistance benefit or payment. The person making or causing statements to be made on the application does not necessarily always receive the benefit or payment. For example, a person who falsely claims to have received medical services from a provider when no services were provided has violated the statute, even though another received payments or benefits and the claimant has personally received no medical assistance benefit or payment. An assertion that no medical assistance payment or benefit resulted from the false statement goes to the materiality of the fact falsely asserted and not the party's state of mind. Thus, the state need not prove that the Williams intended to obtain medical assistance benefits or payments for themselves by making or causing to be made false statements.

The Williams also contend that the state must prove that they made an application for a medical assistance benefit or payment. However, the statute only requires the state to prove that the Williams made or caused to be made a statement or representation

that appears in an application. If the jury finds that the false statements concerning the dates on which services were provided caused CHR to make a false statement of material fact in the application for medical assistance payment, the Williams' conduct is prohibited under the statute.

■

The Williams assert that venue in Marathon County is inappropriate. They argue that the only transaction that occurred in Marathon County was CHR's submission of the application and that submission of the application is not an element of medical assistance fraud. Section 49.49(1)(a)1, Stats., prohibits not only the making of false statements, but also causing false statements to be made. Here, the time charts indicating the dates and hours worked were filled out, signed and certified by the Williams in Wood County. The Williams then forwarded these time charts to CHR in Marathon County. CHR then calculated the total hours worked, based on the hours reflected in the time charts, and submitted its application. Thus, the Williams allegedly caused a false statement of material fact to be made by CHR in Marathon County. We therefore conclude that an act requisite to the commission of this alleged offense occurred in Marathon County. Because an act essential to the offense occurred in Marathon County, venue is properly in Marathon County. *See* sec. 917.19(2), Stats.

Next, Theresa claims that because sec. 49.49(1)(b), Stats., provides different penalties for providers and "any other persons" who commit medical assistance fraud, the party to the crime statute, sec. 939.05, Stats., is inapplicable. Section 49.49(1)(b) provides, in part:

1. In the case of such a statement [or] representation . . . by any person *in connection with the furnishing by that person of items or services for which medical assistance is or may be made*, a person convicted of violating this subsection may be fined not more than $25,000 or imprisoned for not more than 5 years or both.

2. In the case of such a statement [or] representation . . . *by any other person*, a person convicted of violating this subsection may be fined not more than $10,000 or imprisoned for not more than one year in the county jail or both. (Emphasis added.)

"The party to a crime statute applies unless a legislative intention to the contrary is either explicit or implicit in the statute." *State v. Curbello-Rodriguez*, 119 Wis. 2d 414, 432-33, 351 N.W.2d 758, 767 (Ct. App. 1984). Here, sec. 49.49(1)(b), Stats., evinces the legislature's intent to deal more harshly with persons who make or cause to be made false statements concerning services they provided. All other persons making or causing to be made false statements on an application are governed by subdivision 2. The plain language of the statute mandates that persons making or causing to be made false statements about services provided by someone else are punishable under subdivision 2. Because the legislature has chosen to specifically punish persons who make false statements concerning services provided by another, we conclude that the party-to-a-crime statute is inapplicable to such persons.

*By the Court.*—Judgments and orders reversed and cause remanded.