STATE of Wisconsin, Plaintiff-Respondent,

v.

Linda L. MUNZ, Defendant-Appellant.†

Court of Appeals

*No. 95–0635–CR. Submitted on briefs November 10, 1995.—Decided November 30, 1995.*

(Also reported in 541 N.W.2d 821.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Associates* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Dykman, Sundby, and Vergeront, JJ.

DYKMAN, J. Linda L. Munz appeals from a judgment convicting her of one count of perjury, contrary to § 946.31(1)(a), STATS. The trial court withheld

sentencing and placed her on probation for five years. Munz argues that her conviction should be reversed because the allegedly false statements she made while testifying in another trial were not material to the outcome of that trial. We disagree and, therefore, affirm.

## BACKGROUND

In January 1993, Linda L. Munz was tried and convicted of violating a restriction of her occupational driver's license, contrary to § 343.10, STATS. She had been stopped by a police officer while driving at about 8:20 p.m. on August 8, 1992, after she had visited a tavern. Her license permitted her to drive no later than 7:00 p.m. and solely for occupational or homemaking purposes. At trial, Munz admitted driving after 7:00 p.m. She also made several allegedly false statements concerning: (1) the time she arrived at the tavern; (2) whether she had money with her at the tavern; (3) whether she drank beer at the tavern; and (4) what she told the officer when he stopped her.

After she was convicted of violating the restrictions of her occupational license, the State brought perjury charges against her. At a bench trial, the parties stipulated that the facts adduced at the preliminary hearing and the first trial would suffice for this trial. Munz's position, then and now, is that her allegedly false statements were not material to whether she violated the restrictions of her occupational license. The trial court concluded that the statements were material and convicted her of perjury. Munz appeals.

## MATERIALITY

A person commits perjury when he or she testifies "wilfully and falsely, with corrupt intent to shield the defendant[ ] from the incriminating consequence of the real facts." *Hanscom v. State*, 93 Wis. 273, 277, 67 N.W. 419, 421 (1896). Under § 946.31(1), STATS., perjury is defined as:

> Whoever under oath or affirmation orally makes a false material statement which the person does not believe to be true, in any matter, cause, action or proceeding, before any of the following, whether legally constituted or exercising powers as if legally constituted, is guilty of a Class D felony:
> (a) A court.

To convict a person of perjury, the State must prove the following elements: (1) the defendant made a statement under oath; (2) the statement was false; (3) the defendant knew the statement was false when he or she made it; (4) the defendant made the statement in a proceeding before a judge; and (5) the statement was material to the proceeding. *State v. Petrone*, 166 Wis. 2d 220, 226, 479 N.W.2d 212, 214 (Ct. App. 1991).

Munz focuses on the last element when she argues that her conviction should be reversed because her allegedly false statements were not material to her conviction for violating the restrictions of her occupational license. A material statement is one "which tends to prove or disprove any fact that is of consequence to the determination of the proceeding in which the statement was made." WIS J I—CRIMINAL 1750. This definition is adapted from the definition of rele-

vant evidence found in § 904.01, STATS.,[1] and the court's decision in *State v. Becker*, 51 Wis. 2d 659, 666-67, 188 N.W.2d 449, 453 (1971). In *Becker*, the court looked at the concept of materiality in the context of permissible lines of questioning during cross-examination. The court said:

> In the courtroom the terms relevancy and materiality are often used interchangeably, but materiality in its more precise meaning looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to prove a proposition which is not a matter in issue nor probative of a matter in issue, the evidence is properly said to be immaterial.

*Id.* at 667, 188 N.W.2d at 453 (quoted source omitted).

*State v. Evans*, 229 Wis. 405, 409, 282 N.W. 555, 556-57 (1938), provides additional guidance:

> A statement is not perjury if it is not material to the matter under investigation, or if it is misleading only as to a harmless act. The false testimony must be given wilfully and corruptly for the purpose of drawing the curtain over a material fact under investigation, in order to lead the tribunal to a conclusion contrary to the actual fact.

In *Hanscom*, 93 Wis. at 279, 67 N.W. at 421, the court said that a statement is material when it is intended "to strengthen, corroborate, or render more probable the truth of . . . false denials . . . ." And in *State v.*

[1] Section 904.01, STATS., provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

*Williams*, 179 Wis. 2d 80, 87-88, 505 N.W.2d 468, 470 (Ct. App. 1993), a medical assistance fraud case upon which Munz relies, we concluded that statements must have legal effect to be material.

Munz argues that because she admitted that she was driving after 7:00 p.m. and because the trial court in her first trial stated that it found her guilty of violating the restrictions of her occupational license because she drove at an improper time, the statements about why she was at the tavern or whether she purchased alcohol were immaterial. In other words, because Munz admitted that she drove outside of permitted hours, she would have been convicted anyway. Thus, her allegedly false statements could not have changed the outcome of the trial, had no legal effect and were, therefore, immaterial. We disagree.

When Munz testified, the trial court was considering her guilt based upon two grounds: (1) whether she drove at an impermissible time; or (2) whether she was driving for an impermissible purpose. Munz testified that she was picking up her children when she stopped at the tavern between 7:30 p.m. and 8:00 p.m. to use the telephone to call her baby-sitter. When she could not contact the baby-sitter, she left a message that she could be reached at the tavern. She testified that she did not stop and call the baby-sitter on a pay telephone and did not eat supper at the tavern because she did not have any money with her. But a police officer testified that she told him that she ate supper and had two beers at the tavern, the tavern bartender testified that he sold her four beers, and another witness testified that he saw Munz drinking beer at the tavern. Munz, however, denied that she had supper and drinks at the tavern and testified that she only stopped to make a

telephone call. She testified that she told the arresting officer that she had had a few drinks at a friend's home.

The reason Munz offered this testimony was to provide an excuse for her driving after 7:00 p.m. and to show that she was driving for homemaking purposes which was authorized by her license. If accepted, the testimony tended to show that she was driving outside of the time restrictions but only because she was having difficulty contacting her baby-sitter. From this, it appears that she hoped that the trial court would excuse her tardiness because it was for a proper purpose. And if the court believed her, it could not conclude that she was driving for an unauthorized purpose. This testimony would, therefore, mislead the court and make it less likely that it would find her guilty of violating her license. Viewed in this light, her false testimony was material to the court proceedings, irrespective of whether the court ultimately relied upon the testimony in reaching its decision.

We conclude that what makes testimony material is the fact that the trial court *could* have relied on this testimony in rendering a decision. In other words, the testimony is material because it tended to prove or disprove facts of consequence to the determination. In making this decision, we look at whether the statements are material to any of the various ways in which a defendant could be found guilty. Because the court could have relied upon these statements in rendering a verdict even though it apparently did not, we conclude that they were material. Consequently, the State proved this element of the perjury charge.

*By the Court.*—Judgment affirmed.